RAY R. OWEN, Appellant, *v.* DETRICH F. GRUNTZ, Respondent.

Fourth Department, March 10, 1926.

Motor vehicles — action to recover damages to automobile — plaintiff loaned automobile to third person who, in turn, without plaintiff's knowledge, loaned it to another who was driving automobile at time of accident — evidence — testimony as to speed of plaintiff's automobile at point 600 feet from point of collision was properly admitted — defendant cannot recover on counterclaim under Highway Law, § 282-e, since plaintiff did not give permission to driver to use automobile.

In an action to recover damages to an automobile, in which it appears that the plaintiff loaned his automobile to a third person to use during the time that the said third person was required to wait for delivery of an automobile sold to him by the plaintiff, and that the third person in turn, without the plaintiff's knowledge, loaned the automobile to another who was driving the automobile at the time it collided with defendant's automobile, evidence is admissible that the plaintiff's automobile was being driven between forty and fifty miles an hour at a point 600 feet from the point of collision, where it appears also that, notwithstanding the brakes were set at the point of collision or just before that point, the automobile traveled a distance of some 30 feet after the collision.

The defendant cannot recover on his counterclaim under section 282-e of the Highway Law on the theory that the plaintiff's automobile was being driven by a third person with the plaintiff's permission, express or implied, since it does not appear that the plaintiff had any knowledge that the third person was driving the automobile at the time of the accident. The owner of the automobile cannot be held responsible for the act of the person to whom he loaned the automobile in loaning it to a third person without the knowledge of the owner.

APPEAL by the plaintiff, Ray R. Owen, from a judgment of the County Court of Niagara county in favor of the defendant, entered in the office of the clerk of the county of Niagara on the 24th day of January, 1925, upon the verdict of a jury, and also from an order entered in said clerk's office on the 29th day of April, 1925, denying plaintiff's motion for a new trial made upon the minutes.

*Dempsey & Fogle* [*J. Carl Fogle* of counsel], for the appellant.

*Jacobson & McCormick* [*Richard E. Jacobson* of counsel], for the respondent.

CLARK, J. This is an action for property damages arising out of an automobile accident which took place in the city of Lockport about one o'clock in the morning on the 29th day of August, 1924.

The evidence showed that plaintiff's car involved in the accident was not driven by him at the time, and he was not present.

Some time prior to the accident plaintiff, an automobile dealer,

had sold to one Gomesky an automobile to be delivered on a certain date. Delivery was impossible at that time so plaintiff loaned to Gomesky the car involved in this accident to use until he could make delivery of the new car.

On the night of the accident Gomesky and his friend Merlin Willover drove to Tonawanda in this automobile, returning to Lockport late at night. When they arrived at Gomesky's house he left the automobile, intrusting it to Willover to drive on to his home and return the car to plaintiff's garage the following morning. Willover did not proceed directly home, but picked up several boys who had been at a party and drove around the city to some extent, and finally drove northerly on Church street. Grand street runs east and west and crosses Church street. As the car driven by Willover, and loaded with these boys, reached the intersection of Church and Grand streets, it came in collision with defendant's car, which was proceeding westerly on Grand street.

There was a sharp conflict in the evidence as to which party was negligent, whether it was the driver of plaintiff's car or defendant, who was driving his own car. The jury found with defendant on these propositions, and returned a verdict in his favor on his counterclaim.

The findings on the questions of negligence and contributory negligence are supported by sufficient evidence.

Plaintiff urges, however, that the judgment should be reversed for the claimed reason that the court erred in receiving testimony as to the speed of plaintiff's automobile at a point some 600 yards south of the place of the accident, and that in any event plaintiff was not liable for any negligence of Willover, for he was not " legally using or operating " plaintiff's car with his knowledge or permission, express or implied.

I do not think the trial court erred in permitting the evidence of the witness Curtis to stand. He testified that he was sitting on the veranda of a house about two blocks south of the place of the accident and saw a car pass in a northerly direction, traveling between forty and fifty miles an hour. This witness further testified that within a few seconds he heard a loud crash in the vicinity of Grand and Church streets, and immediately went to the place of the accident and identified plaintiff's car as the one he had just previously seen traveling north on Church street at the rapid rate described.

The evidence of the witness Curtis as to the speed of plaintiff's car was in line with the evidence of defendant on that subject, and it is supported by marks made by plaintiff's car on the pave-

ment, which showed that even though the operator had applied the brakes, the car traveled a distance of some thirty odd feet after the collision before it was brought to a stop.

In view of the surrounding circumstances the evidence was competent as bearing on the question of the speed of plaintiff's automobile at the time of the collision.

The second point raised by appellant presents a more serious difficulty.

At the time this accident occurred section 282-e of the Highway Law (as added by Laws of 1924, chap. 534)* was in effect, and it provides, among other things: " Every owner of a motor vehicle operated upon a public highway shall be liable and responsible for death or injuries to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person legally using or operating the same with the permission, express or implied, of such owner.   *   *   *."

It is not claimed that plaintiff had any knowledge whatever that at the time of the accident his car was being used and operated by Willover, or that it was being thus used and operated in his business.   The car had been loaned to Gomesky temporarily, but no authority had been given to reloan it, or to permit another to use it.   Acting entirely of his own volition and without the knowledge or consent of plaintiff, Gomesky permitted Willover to take the car and use it on the night of the accident.   During his drive with the six boys he had picked up after leaving Gomesky he was not engaged in any business of plaintiff, and was not subject to his orders or in any manner under his control.

Plaintiff could not be held liable for the negligence of Willover, unless it appeared that at the time of the accident and damage to defendant's car Willover was engaged in the business of the owner (plaintiff), or that he was legally using or operating the car with the permission, express or implied, of the owner.   (Highway Law, § 282-e.)

This section was intended to establish the liability of the owner of a motor vehicle for the negligence of any person to whom he might give permission to use or operate his car (*Plaumbo* v. *Ryan*, 213 App. Div. 517), but it does not go to the extent of making an owner liable for the negligent acts of any third person to whom the borrower, without the knowledge or consent of the owner, had intrusted the use and operation of his car, not in the business of the owner, but solely for his own private purposes.

The case of *Feitelberg* v. *Matuson* (124 Misc. 595), a Municipal

---

* Since amd. by Laws of 1925, chap. 167.—[REP.

Court case, is readily distinguishable on the facts from the case at bar. In that case the person who had been permitted by the owner to use his car was actually present in the vehicle at the time of the accident, although just at that moment another member of his party was driving it. In the instant case the person who had been permitted by the owner to take his car for temporary use was not present when the accident occurred, and the jury has found that the accident was occasioned by the negligence, not of the person who had permission from the owner to use the car, but of a third party who was using it without the knowledge or consent of the owner and when the borrower was not present.

In Michigan there is a statute similar to the one above quoted with reference to the liability of owners of motor vehicles (Michigan Public Acts of 1915, No. 302, § 29)* which was held to be constitutional in *Stapleton* v. *Independent Brewing Co.* (198 Mich. 170) and the owner was held liable. But in that case the owner of the car had consented that the borrower, a corporation, might use it in its business and while it was being thus used and driven by one of its employees the accident occurred through the negligence of the employee.

In the instant case there was no relationship of employer and employee between Gomesky and Willover, and at the time of the accident the car was being used by the latter for his own purposes in giving some boy friends a ride about the city.

The learned county judge held as a matter of law that the plaintiff was responsible for any negligent act of Willover while using the car. This was clearly error.

On another trial additional evidence of the owner's consent to the use of his car by Willover may be offered, but the evidence as it stands would not justify a finding of such consent, either express or implied. .

The judgment and order should be reversed on the law and a new trial granted, with costs to appellant to abide the event.

HUBBS, P. J., and TAYLOR, JJ., concur; SEARS and CROUCH, JJ., concur in result only, being of the opinion that the evidence presented a question of fact on the subject of consent to the use of the automobile by the driver.

Judgment and order reversed on the law and new trial granted, with costs to appellant to abide the event.

---

* See Compiled Laws Michigan 1915, § 4825, as amd. by Michigan Public Acts of 1925, No. 287, amdg. said § 29.— [REP.