QUENTIN THOMPSON, an Infant, by AUDREY A. THOMPSON, His Guardian ad Litem, Respondent, *v.* ALBERT W. MORGAN and Others, Appellants.

PER CURIAM. We agree with the learned trial court that the defendant Mortgage and Acceptance Corporation was the owner of the motor vehicle within the meaning of section 282-e of the Highway Law. But the judgment must be reversed as to that defendant because the record is void of proof of consent by that defendant to the use of the car for any purpose other than that incidental to sale. The consent was limited and when used beyond the limit, the principle of section 282-e of the Highway Law was inapplicable. (*Psota* v. *Long Island R. R. Co.*, 246 N. Y. 388; *Owen* v. *Gruntz*, 216 App. Div. 19.) As to the defendant Hubbard, the charge was erroneous in its application of section 282-e of the Highway Law to him. Hubbard was not the owner within the meaning of that section. He could only be held liable for the acts of the driver on the principle of common-law agency. The charge permitted him to be held liable under the provisions of the statute. The judgment and order should be reversed on the law and a new trial granted as to the defendants Hubbard and Mortgage and Acceptance Corporation, with costs to these defendants to abide the event. The judgment and order should be affirmed, with costs as to the defendant Morgan. All concur. Present — Hubbs, P. J., Clark, Sears, Crouch and Sawyer, JJ. Judgment and order reversed on the law and a new trial granted as to the defendants Hubbard and Mortgage and Acceptance Corporation, with costs to these defendants to abide the event. Judgment and order affirmed, with costs as to the defendant Morgan.