Leo Ermann, Respondent, *v.* Harry Kahn and Others, Defendants, Impleaded with Charles Wesley McHose, Appellant.

First Department, May 29, 1930.

*Harold R. Medina* of counsel [*John W. Jordan* with him on the brief; *Harry A. Talbot*, attorney], for the appellant.

*Harry A. Gair*, for the respondent.

Martin, J.   The plaintiff brought this action to recover damages for personal injuries sustained as the result of a collision between a taxicab in which he was a passenger, driven by the defendant Kahn, and a Packard automobile owned by the defendant, appellant, Charles Wesley McHose, and operated by his nephew, Harry W. McHose, Jr.   The jury rendered a verdict in favor of the plaintiff against the defendant Charles Wesley McHose and in favor of the defendants Kahn and Anna McHose.

The accident occurred at the intersection of Eighty-fourth street and Park avenue, borough of Manhattan, city of New York at about one-thirty A. M. on March 15, 1927.   The plaintiff at the time was seated in defendant Kahn's taxicab with his back to the meter on what he designated as a " pull-down " seat.

The defendant Kahn testified that he was coming through Eighty-fourth street and when approaching Park avenue he looked north and saw no traffic; that he proceeded across the westerly drive until he reached the center of Park avenue and on looking south he saw a car coming at a distance of about 100 feet.   He continued to cross the avenue without stopping and had almost reached the easterly curb when his taxicab was struck in the rear by the defendant's car.

Harry W. McHose, Jr., admitted that the car he was operating

struck the taxicab in the rear and pushed it over on the sidewalk. He stated that his speed was not above the normal rate and contended that the accident was due to the negligence of the taxicab driver.

It was shown upon the trial that there were no traffic lights on Park avenue at the time and place in question; that the night was clear and the lights on both cars were visible to the respective parties before the crash.

The question of control at the time of the accident becomes the important issue in the case. The defendant, appellant, stated that his nephew was not authorized to use the car and did so without his knowledge or consent. The appellant at first testified that his nephew had never to his knowledge used the car. He was confronted with his testimony given on a previous trial in an action in which the defendant Kahn was plaintiff, where he had testified as follows: " Q. As far as you know now, there may have been occasions prior to the 15th of March, 1927, when he operated that car by himself? A. There may have been, yes." Whereupon the trial judge interrogated the defendant as follows: " Q. Without permission? A. Yes. I am not around all the time." This question had an important bearing upon the general issue. The defendant denied that he had ever given the nephew permission to use the car at any time or in any place.

The defendant, appellant's nephew, Harry W. McHose, Jr., also testified that he had previously driven the car, but never by himself. He finally admitted having driven it within the confines of a two-hundred acre estate owned by the defendant, appellant, at Sommerville, N. J., and said that it was possible that he might have driven the car out through the front gate of the estate, but that he never went beyond the gate except when he drove to a nearby village on errands for his aunt.

When the accident occurred the defendant, appellant, McHose was in Florida. He says the car was in storage; that his nephew, without his permission and in strict violation of orders not to use the car, brought it to New York the day he met with the accident which resulted in this action.

While there is a presumption that the owner of a motor vehicle is responsible for the manner in which it is driven (*Ferris* v. *Sterling*, 214 N. Y. 249; *Potts* v. *Pardee*, 220 id. 431), nevertheless when it is shown, as in this case, that the owner of the car was absent from the city for several weeks, and had placed the car in storage, and the car was used by one who not only had been forbidden to use it, but who did not have a license to operate an automobile, the verdict for plaintiff cannot be upheld. (*Chaika* v. *Vandenberg*, 252 N. Y. 101.) It may be true that the operator of the car had

taken it out at other times, but he testified that he did so without permission of the owner, and the owner testified that if the operator used the car at any time he did so without permission.

A defendant may not be held liable for an accident where the driver of the car takes it without permission and in defiance of instructions not to do so.

The facts here are somewhat similar to those in the case of *Fluegel* v. *Coudert* (244 N. Y. 393) in which the court said: " We think the uncontradicted evidence necessitates the conclusion that the driver of the motor car was using it at the time of the accident for his own purposes exclusively, without the permission and against the commands of the defendant, his employer." (*Der Ohannessian* v. *Elliott*, 233 N. Y. 326.)

The judgment for the plaintiff should be reversed, with costs, and the complaint dismissed, with costs.

DOWLING, P. J., MERRELL, O'MALLEY and SHERMAN, JJ., concur.

Judgment reversed, with costs, and the complaint dismissed, with costs.