JAMES A. TILLMAN, Appellant, v. RUSSO-ASIATIC BANK, Respondent.*— Order in so far as it dismisses the first and third causes of action, and the judgment entered thereon, unanimously affirmed, with ten dollars costs and disbursements. We agree with the learned court at Special Term that the first cause of action was properly dismissed on the ground that there was a single cause of action for the recovery of 114,000 rubles. The action tried in the Federal court on a part of the demand was determined on the merits, and the verdict for the defendant was based on the fact that the rubles were worthless. There was no question in that case that the plaintiff could recover only nominal damages. The rule in respect to damages in the Federal court and the law of the case make unavailing the argument now advanced, obviously as an afterthought, that there has been no trial because plaintiff was entitled to nominal damages only. The judgment in favor of the defendant was affirmed on appeal (*Tillman* v. *Russo-Asiatic Bank*, 51 F. [2d] 1023); and we think that decision is *res judicata* in respect to the plaintiff's right to recover on the first cause of action. The third cause of action was brought on a claim that was assigned to plaintiff after the action had been commenced. It may form the basis of a new action, but may not be added in the existing action by an amendment to the complaint. Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur.

ARTHUR C. VEATCH, Appellant, v. HEWLETT R. SMITH and Others, Respondents.† — Orders reversed on the law, with ten dollars costs and disbursements, and motion in all respects granted, with ten dollars costs to plaintiff to abide the event. In our opinion, the plaintiff is entitled to examine the defendants before trial for the purpose of proving the allegations of the complaint that are denied by the answers, and the Superintendent of Banks should produce the books and records of the bank in his custody under section 288 of the Civil Practice Act for use upon the examination of the defendants. The books being in the closed bank, their production will cause no hardship. The order to be made hereon shall provide for their production and examination at a time that shall not inconvenience said Superintendent. Lazansky, P. J., Kapper, Carswell, Scudder and Tompkins, JJ., concur. Settle order on notice.

HERBERT A. VOORHES, Respondent, v. TIDE WATER OIL SALES CORPORATION and ANASTACIA FREDERICKS, Appellants.— On appeal of defendant Fredericks, judgment of the County Court of Nassau county reversed on the law and the facts, with costs, and complaint as to her dismissed, with costs. The undisputed testimony shows that Mrs. Fredericks' car, at the time of the accident, was being driven by a third party without her knowledge or consent and contrary to her express instructions to her son; that such third party was unlicensed to drive an automobile; and that the son was not in the car at the time. The circumstances do not warrant an inference that the son had the implied right to loan the car to third parties; and we think, upon the facts shown, the owner is not liable as a matter of law. (See *Arcara* v. *Moresse*, 258 N. Y. 211; *Owen* v. *Gruntz*, 216 App. Div. 19; *Psota* v. *Long Island R. R. Co.*, 246 N. Y. 388; *Ermann* v. *Kahn*, 229 App. Div. 693.) On appeal of defendant Tide Water Oil Sales Corporation, judgment unanimously affirmed, with costs to respondent. No opinion. Lazansky, P. J., Kapper, Carswell, Scudder and Tompkins, JJ., concur.