FISCHER *v.* McBRIDE.

1. AUTOMOBILES—COMMON LAW—NEGLIGENCE—OWNER'S CONSENT.
   At common law the owner of a car would not be liable for damages arising from its negligent operation by one operating it without the owner's consent.

2. SAME—OWNER'S CONSENT TO USE—THIRD PERSON.
   Under statute imposing liability upon the owner of a motor vehicle for its negligent operation only when driven with his express or implied consent or knowledge, defendant owner would not be liable to plaintiff for injuries she sustained as the result of its negligent operation by person to whom his 17-year-old daughter had loaned it in violation of her father's instruction not to let any one else use it while she attended a week-end party (1 Comp. Laws 1929, § 4648).

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted January 14, 1941. (Docket No. 106, Calendar No. 41,334.) Decided March 11, 1941.

Case by Emma Fischer against Reu L. McBride and Maxine Weed for injuries received when struck by an automobile. Verdict and judgment for plaintiff. From denial of motions for directed verdict and for judgment notwithstanding the verdict, defendant McBride appeals. Reversed as to appellant.

*Charles E. Misner,* for plaintiff.

*Linsey, Shivel, Phelps & Vander Wal,* for defendant.

WIEST, J. This case presents the question:

"Is the owner of an automobile who permits his daughter to take his car under certain restrictions

not to allow any one else to use or drive the car liable for injuries caused by the negligent driving of a third person whom the daughter permits to use the car, when the daughter is not in the car or the car is not being used for the benefit of the daughter at the time of the accident?"

Defendant Reu L. McBride, residing in Grand Rapids, permitted Hester McBride, his 17-year-old daughter, to take and drive his automobile to attend a week-end party at Spring Lake under the express restrictions that she should do the driving and not let any one else use or drive the car. The daughter drove the car to Spring Lake and there let another girl, defendant Maxine Weed, take the car and, without going with her, drive the car to Grand Haven. At Grand Haven, by reason of the negligence of Miss Weed, the car struck and injured plaintiff. This action was brought against Miss Weed, the driver of the car, and Mr. McBride, the owner, and, upon trial, the court instructed the jury:

"If you find for the plaintiff in this case, your verdict will be against both defendants."

Motions of defendant McBride for a directed verdict at the close of plaintiff's proofs and again at the close of the evidence and for judgment notwithstanding the verdict were denied.

The jury rendered a verdict against both defendants and Mr. McBride, by appeal, prosecutes review of the judgment against him on the ground that he is not liable. Miss Weed has not appealed.

The terms under which Mr. McBride allowed his daughter to use the car are unquestioned.

Mr. McBride is not liable under the common law, and the question is whether the statute, 1 Comp. Laws 1929, § 4648 (Stat. Ann. § 9.1446), imposes liability.

That statute provides:

"The owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation of such motor vehicle whether such negligence consists of a violation of the provisions of the statutes of the State or in the failure to observe such ordinary care in such operation as the rules of the common law require. The owner shall not be liable, however, unless said motor vehicle is being driven with his or her express or implied consent or knowledge."

The undisputed and credible evidence was that the car, at the time of the accident, was being driven by Maxine Weed, unaccompanied by Hester McBride, and without the express or implied consent or knowledge of Mr. McBride.

The case at bar is ruled by the plain limitation of liability provision of the statute. See *Owen v. Gruntz,* 216 App. Div. 19 (214 N. Y. Supp. 543); *Voorhes* v. *Tide Water Sales Corp.,* 240 App. Div. 710 (264 N. Y. Supp. 743).

In 7–8 Huddy's Cyclopedia of Automobile Law (9th Ed.), pp. 355, 359–361, 368, it is stated:

"Statutory Liability.

"SEC. 141.   Statement of rule.

"Generally.   In several jurisdictions, an automobile owner is liable by statute for the negligent use or operation of his car by other persons for their own purposes with the permission or consent of the owner.   *   *   *

"SEC. 142.   Permission or consent.

"Generally.   The foundation of this statutory liability of the owner is the consent or permission, express or implied, given to another to use an instrumentality which, if improperly used, is a danger and a menace to the public.   If the car is driven without the owner's consent, or contrary to his express orders, no liability attaches to him unless the statute expressly so provides.   *   *   *

"Scope and limits of consent. To make the owner liable, his permittee, at the time of the negligent act, must be acting within the scope and limits of the permission. Where the consent is limited, use beyond that limit does not make the owner liable. *    *    *

"Sec. 147. For whom owner liable.

"Third person. Where the person who enjoys the owner's permission abandons the car after turning it over to a third person, the owner is not liable for the negligence of such person. The rule is otherwise where the owner's servant or permittee remains in control of the car, but permits some one else to handle the wheel."

The judgment against Mr. McBride was without statutory or common-law liability on his part, and the judgment as to him is reversed and the case remanded to the superior court for entry of judgment in his favor.

Defendant McBride will recover costs.

Sharpe, C. J., and Bushnell, Boyles, Chandler, North, McAllister, and Butzel, JJ., concurred.