Benjamin Brenner, J.
On January 3, 1951, the defendant Termine struck and injured the infant plaintiff with an unregistered car which he had purchased on December 18, 1950. Plaintiff’s evidence consisted of the testimony of the infant, who was six years old at the time of the accident, and portions of an examination before trial taken of the defendants. Defendants, offering no proof, rested at the end of plaintiff’s case.
*110 Thus on the question of Termine’s negligence and the infant’s freedom from contributory negligence, the only adult eyewitness to the incident was that defendant himself, who, though present in court, did not take the stand. Considering the age of the infant and the inadequacy of the examination before trial of Termine, there is a paucity of proof here concerning the manner in which the accident occurred. However, a few points are clear. The car was driven east, in the nighttime, on G-lenmore Avenue at about 20 miles per hour, just past a well-lit intersection and the infant was struck at or near a crosswalk as he approached from Termine’s left. While it is defendant’s contention that the child had come from between parked cars, this could not possibly be, based upon the evidence before me, particularly since Termine himself, in his examination before trial, fixes the site of the impact at the crosswalk. As to his own negligence, his testimony upon the examination before trial is unconvincing, for he both asserts and denies that he saw the infant and that he had come from between parked cars. Had he taken the stand, Termine might well have shed some light on all these points. Consequently, giving credence to the infant’s testimony, I find Termine’s negligence and the infant’s freedom from contributory negligence to have been proved by a fair preponderance of the credible evidence.
At the time of the accident the car bore an abandoned plate belonging to the defendant Scarpulla. The latter similarly did not take the stand, though present in court, to explain the circumstances for its use and display by Termine. Here, too, I am confined to Scarpulla’s meager examination before trial that for some unexplained reason, though no longer owning a car of his own, his abandoned plate was left at Termine’s house the day before the accident without authority to the latter for its use and display. True, in their examination before trial they both deny authority for the display of the plate and merely assert that it was left by Scarpulla at Termine’s house. Had they taken the stand the facts would certainly have been elicited to determine why Termine had not registered the car in question for some sixteen days after its purchase and how and why it transpired that the abandoned plate was so conveniently left for use and display on Termine’s car. I must conclude from all of this that Scarpulla knowingly permitted Termine to make use of the plate in order to enable the latter to operate the car.
Had this been a display of a dealer’s plate upon a car, in violation of section 63 of the Vehicle and Traffic Law, a presumption of ownership would have been created, estopping the dealer from denying ownership and rendering him liable. *111 (Switzer v. Aldrich, 307 N. Y. 56.) Subdivision 5 of section 12 of the Vehicle and Traffic Law (eff. July 1, 1952), though not here applicable because it was not enacted until after the events in the instant case, similarly restrains nondealers. The reasoning applied in Switzer v. Aldrich (supra) and other cases with respect to dealers violating section 63 (Buono v. Stewart Motor Trucks, 292 N. Y. 637; Reese v. Reamore, 292 N. Y. 292) would appear to encompass subdivision 5 of section 12 because the law’s intent, under both statutes, is that a car shall become licensed and qualified for use on the road. To accomplish this the statutes effectively enjoin the display of license plates of dealers and nondealers alike, not issued for the then operation of that particular vehicle.
Even prior to the enactment of section 12 the display of another’s plate created a common-law presumption of ownership of the car (Ferris v. Sterling, 214 N. Y. 249) on the part of the owner of the plate; but since Scarpulla affirmatively proved nonownership, the presumption of ownership has been overcome (McCann v. Davison, 145 App. Div. 522).
I am convinced, however, that Scarpulla is estopped from denying control of the vehicle. In my view, when he permitted the display of his abandoned plate for the operation of the Termine car, he thereby exercised control over it through Termine’s agency. Unquestionably, he enabled the car to be operated and should not now be permitted to escape liability merely upon proof of nonownership. Hence, though section 12 is not here applicable, I believe that one who authorizes the display of a nondealer’s plate upon a car, not otherwise licensed to be operated, impliedly exercises control over such operation, for he affirmatively makes possible the movement of the vehicle upon the highways. Finally, Scarpulla’s act authorizing the display of the registration plate was the producing cause of the accident, without which the car would not have been at the scene nor would the infant have sustained his injuries.
Plaintiff is entitled to recover the sum of $9,650 against both Termine and Scarpulla. Submit judgment.