John J. Walsh, J.
This case presents unusual questions of fact and an intriguing question of law. The plaintiff is the owner of an automobile which was being driven on a public highway in this county by one, Frederick Dell, an adjuster. The car was in collision with an automobile owned by the defendant, Carol Huther and operated by one, Robert Bachle. The testimony of Frederick Dell is undisputed by the defendant and establishes that the accident was caused by the negligent operation of the defendant’s car by Bachle and that there was no contributory negligence on the part of the plaintiff’s operator, Frederick Dell, and this court so finds .as a fact.
The parties stipulated in open court that the damage to the plaintiff’s car would amount to $742.35 according to the testimony of qualified mechamos if they were called to the stand *347 to testify. It was also stipulated that the defendant, Carol Huther, was the owner of the said automobile at the time of the accident.
The sole question presented to the court for decision involved whether or not defendant, Carol Huther who was sued alone in the action was liable pursuant to section 59 [now § 388] of the Vehicle and Traffic Law.
The automobile in question was originally the property of Bachle who gave it to Miss Huther as a birthday gift. Bachle had sometime in the past lost his license to drive an automobile. Miss Huther had also had some difficulty with her license in the past and was apparently unlicensed as an operator. She admitted on the witness stand that she gave implied permission to Bachle to use the car which had at the time registration plates issued by the State. She also testified that she never thereafter specifically withdrew such permission.
Thereafter, in attempting to obtain a driving license for herself, she made application for a license. The Motor Vehicle Bureau denied such license and apparently because of a false statement as to her previous license, the bureau revoked her registration of the car and ordered her to surrender the plates which she did. The automobile was allowed to remain without plates.
On the day of the accident, without the knowledge of the defendant, Bachle attached the license plates .of someone else to the defendant’s car and drove the automobile and was involved in the collision with Dell. Bachle was not a party to the lawsuit, nor a witness, nor was his present whereabouts disclosed.
This presents the mixed factual and legal question as to liability. Obviously, the car was not stolen (Wilson v. Harrington, 269 App. Div. 891, affd. 295 N. Y. 667) neither was its use specifically forbidden nor circumscribed (Ermann v. Kahn, 229 App. Div. 693, affd. 255 N. Y. 627).
The fact that the operator of the car was unlicensed at the time does not preclude liability since a “ legal user ” has been held to be one who is using the vehicle with the owner’s permission, whether or not he be licensed. (Aarons v. Standard Varnish Works, 163 Misc. 84, affd. 254 App. Div. 560.)
Nor does the fact that the automobile was unregistered (either without plates of any kind or with illegal or stolen plates) preclude the liability of the owner. While not authority in this case, the decision in the case of Morgan v. Termine (2 Misc 2d 109) is appropriate to cite here by analogy.
In the Morgan case, defendant Termine was the owner of the unregistered vehicle which he was operating with the license *348 plate-s of the defendant -Scarpulla. The court held not only Termine liable -but attached joint liability on Scarpulla since he knew that Termine was using his plates and Scarpulla thus enabled the car to be operated and should not be permitted to escape liability merely upon proof of nonownership.
It is thus logical to hold that an automobile owner may give permission to another to use his unlicensed automobile so as to make liability attach to the owner, even though such operator is operating the automobile in violation of the law at the time of the accident. Defendant argues that she could not give the operator permission to violate the law and thus did not give legal consent. This is an interesting argument but it loses sight of the statutory purpose of section 59 [now § 388] of the Vehicle and Traffic Law.
Defendant further argues and with considerable logic that when she surrendered her registration and her license plates and Baehle knew of this fact, that she thereby revoked the implied permission she had given him in the past.
In view of the relationship between the defendant and Baehle by which Baehle used the automobile without limitation, this court holds that nothing less than an express revocation of the permission was necessary to preclude defendant’s liability.
Judgment is therefore granted to plaintiff in the amount of $742.35.