■ State Farm Mutual Automobile Insurance Company, Respondent, v. Carol Huther, Appellant.— Judgment unanimously affirmed, without costs of this appeal to either party. Memorandum: The trial court in a series of erroneous rulings on the admissibility of evidence severely limited both parties in the trial of this action. The prior written statement made by defendant was clearly admissible and should have been received. The fact that the Trial Judge (in his own words) has a " phobia against things going in on what people say on other occasions " is immaterial. Admissibility of proof must be controlled by recognized rules of evidence and not the predilections of each individual Judge. However, the state of the record is such that we may consider the evidence that was not received. We have considered the prior statement as if it had been received in evidence. Upon all the proof we agree with the conclusion of the trial court that the operator of defendant's vehicle was using it at the time of the accident with the implied permission of defendant (Vehicle and Traffic Law, § 59, now § 388). In

the prior written statement of defendant made six months after the accident she stated that at the time of the accident the operator "still had my implied permission to use the car at any time he wished." Defendant's testimony upon the trial is not contradictory of this statement but fully considered is corroborative thereof. (Appeal from judgment of Oneida County Court for plaintiff in an automobile negligence action.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ. [38 Misc 2d 346.]