DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE *v.* SWIFT.

1. AUTOMOBILES—NEGLIGENCE—OWNER'S LIABILITY.

The owner of a motor vehicle is liable by statute for any in-
jury caused by its negligent operation, but the owner is not
liable unless the motor vehicle was being driven with his ex-
press or implied consent or knowledge (CLS 1961, § 257.401).

2. SAME—NEGLIGENCE—OWNER'S LIABILITY—CONSTRUCTION OF STAT-
UTES.

The statute imposing liability on the owner of a motor vehicle
for the negligent operation of that vehicle is to be strictly
construed, and a court may not go beyond it to impose liabil-
ity (CLS 1961, § 257.401).

3. SAME—NEGLIGENCE—OWNER'S LIABILITY.

The owner of an automobile is not liable for injuries caused
by negligent operation of the automobile by another if the
owner's consent to its use was limited and the use that
resulted in the accident was beyond the limits of that consent
(CLS 1961, § 257.401).

4. SAME—NEGLIGENCE—OWNER'S LIABILITY—APPEAL AND ERROR.

Trial court's ruling that owner's consent to use of her automobile
was limited *held,* not error as a matter of law and thus not
reversible where the evidence does not clearly preponderate
in the opposite direction.

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 8 Am Jur 2d, Automobiles and Highway Traffic § 571.
Ownership of automobile as prima facie evidence of responsibility
for negligence of person operating it. 42 ALR 898, 74 ALR 951,
96 ALR 634.
[2] 8 Am Jur 2d, Automobiles and Highway Traffic § 597.
[4] 5 Am Jur 2d, Appeal and Error § 820.
[5] 5 Am Jur 2d, Appeal and Error § 1010.

5. COSTS—APPEAL AND ERROR—BRIEFS.

   No costs are awarded in an automobile negligence action to a defendant-appellee who prevails but who fails to file a brief in the Court of Appeals.

Appeal from Common Pleas Court of Detroit, Daines (Travilla G.), J.   Submitted Division 1 January 8, 1968, at Detroit.   (Docket No. 3,004.) Decided April 24, 1968.

Declaration by the Detroit Automobile Inter-Insurance Exchange, a reciprocal insurance exchange, as subrogee of Nat Fishman and Harry Goldberg, against Minnie Swift and James Joseph Kalman, a minor, for damages arising from negligent operation of automobile.   Verdict and judgment for defendant Swift.   Action dismissed without prejudice as to defendant Kalman.   Plaintiff appeals.   Affirmed.

*Rouse, Selby, Webber, Dickinson & Shaw,* for plaintiff.

HOLBROOK, J.   Plaintiff, Detroit Automobile Inter-Insurance Exchange, as subrogee of Nat Fishman and Harry Goldberg, brought an action against Mrs. Minnie Swift and James Kalman, jointly and severally, for personal injury and property damage to its subrogors arising out of an automobile collision. Defendant Swift owned the automobile which defendant Kalman was driving in taking Swift's son, Bruce Martinson, to his place of employment when the accident occurred.   Plaintiff appeals from a verdict and judgment of no cause of action entered against it as to defendant Swift.   Plaintiff's action against defendant Kalman was dismissed, without prejudice, by reason of military service.

The only issue on appeal is did the trial court err in ruling that defendant Swift was not liable under the owner liability statute (CLS 1961, § 257.401 [Stat Ann 1960 Rev § 9.2101])?

Appellant contends that because Bruce Martinson, the owner's permittee, remained in possession and control of the vehicle as a passenger being driven to work, the owner is liable. The cases of *Fischer* v. *McBride* (1941), 296 Mich 671 and *Bushie* v. *Johnson* (1941), 296 Mich 8, are cited in support of the contention.

The trial judge, as trier of the facts, determined that defendant Swift had expressly forbidden her son to allow anyone else to drive the car and at no time, expressly or impliedly, had consented to Kalman's driving the car. It was defendant Swift's uncontradicted testimony that her son did not have an operator's license for some time prior to and at the time of the accident and that to her knowledge the car was being kept in the garage of a friend of her son and no one was using it.

CLS 1961, § 257.401 (Stat Ann 1960 Rev § 9.2101) imposes liability on the owner of a motor vehicle for any injury occasioned by its negligent operation. The statute, however, limits liability in the following manner:

"The owner shall not be liable, however, unless said motor vehicle is being driven with his or her express or implied consent or knowledge."

In addition to the self-limiting language of the statute, there is another limitation which is not to be ignored, *i.e.*, the statute is to be strictly construed and a court may not go beyond it to impose liability. *Wieczorek* v. *Merskin* (1944), 308 Mich 145.

*Fischer* v. *McBride, supra,* is closely analogous in issue and facts to the instant case, the only

difference being that in *Fischer* the owner's daughter was not in the car (nor was it being driven for her benefit) at the time of the accident, while in the case at hand the owner's son was in the car and it was being driven for his benefit by Kalman. It is on this difference and *dicta* contained in *Fischer,* that appellant's contention rests.

Defendant Swift, like defendant McBride in *Fischer,* expressly restricted the driving of her car to her son only. The law applicable where the owner has restricted his consent is set forth in *Fischer,* pp 673, 674, quoting from 7–8 Huddy's Cyclopedia of Automobile Law (9th ed), pp 359–361, 368:

" 'Sec. 142. Permission or consent.
" 'Generally. The foundation of this statutory liability of the owner is the consent or permission, express or implied, given to another to use an instrumentality which, if improperly used, is a danger and a menace to the public. If the car is driven without the owner's consent, *or contrary to his express orders,* no liability attaches to him unless the statute expressly so provides.   *   *   *
" 'Scope and limits of consent. To make the owner liable, his permittee, at the time of the negligent act, must be acting within the scope and limits of the permission. *Where the consent is limited, use beyond that limit does not make the owner liable.'* " (Emphasis supplied.)

The trial court's ruling that defendant Swift did not consent, expressly or impliedly, to Kalman's driving her car did not constitute error as a matter of law. Its judgment on the facts involved cannot be reversed because the evidence does not clearly preponderate in the opposite direction. In *Bushie* v. *Johnson, supra,* the facts do not disclose a limited consent, whereas in the instant case the trial judge

specifically found consent to be limited. The case is therefore not applicable.

The judgment of the lower court is affirmed. No costs are awarded, the appellees having failed to file any brief in this Court.

Quinn, P. J., and J. H. Gillis, J., concurred.