Herbert A. Posner, J.
This is an action for personal injuries and property damage sustained by plaintiff as a result of a "hit-and-run” accident alleged to have been caused by a motor vehicle owned by defendant corporation.
Plaintiff testified that on November 10, 1973, at approximately 5:30 p.m., he was operating his motor vehicle on Corona Avenue near the intersection of Broadway, when a yellow taxicab, coming from the opposite direction, crossed onto plaintiff’s side of the road, striking his vehicle in the front left fender, cracking the windshield, and causing considerable damage along the entire left side.
Plaintiff testified that he hit his head on the windshield, struck the steering wheel with his chest, and twisted his back. When he got out of his car a few seconds later, he saw the cab hit another vehicle and continue on its way. He wrote down the cab’s license plate number on a piece of paper and gave it to the policeman who arrived about 15 minutes later. He no longer had the piece of paper he wrote the license plate number on nor did he remember it by memory. Therefore, without the police officer, plaintiff could not make out a prima facie case against the defendant.
Police Officer Pannunzio testified that the "hit-and-run” vehicle was identified by a description of the car and its license number. He had his memo book with him, but it did not contain any information in regard to this incident. He testified that occasionally he writes accident information down on a plain sheet of paper which he carries on a clipboard; and then transfers the information to an official police accident report. He no longer had the original paper on which the writing was made and therefore could only refer to the police accident report, to refresh his memory. Plaintiff then introduced the report for identification. However, when the police officer testified that the information on the report was used to issue an arrest call, plaintiff’s attorney advised the court that he had subpoenaed arrest and conviction records for the driver of the vehicle in question. The court then agreed to accept the police officer’s report in evidence for the limited purpose of identifying the defendant’s vehicle, subject to connection with the arrest and conviction record. Defendant’s attorney objected that the report was hearsay. The court agreed that any information on the report concerning the *222 accident was unacceptable as hearsay, but that the identification of the license plate (244T23) as belonging to the defendant corporation was information obtained by the police officer in the regular course of his business. The police officer also testified that when he returned to the 110th Precinct, he found out from fellow Officer Accardi that he had apprehended the "hit-and-run” driver.
At the end of the plaintiffs case, plaintiff introduced a certified copy of a Criminal Court Record showing that one, Jose Quijije, pleaded guilty to "hit-and-run” charges while operating a 1973 Dodge, registration number 244T23 on Queens Boulevard and 60th Street at about 5:45 p.m. on November 10, 1973. The arresting officer was Police Officer Accardi. A few weeks later, after the plaintiff was granted a motion to reopen the trial for the introduction of additional evidence, two additional Criminal Court Records involving Jose Quijije and the vehicle with the license number 244T23. One involved a complaint by Police Officer Accardi for a "driving while intoxicated” charge at Queens Boulevard and 58th Street and the other was the complaint filed by the plaintiff for "hit-and-run” driving. All three complaints, while they were for different locations, covered a time period of only five minutes. The last two complaints were "Dismissed on Motion of Assistant District Attorney.”
Defendant objected to the introduction of all four documents as hearsay. At the end of the trial he moved for a dismissal of the complaint for failure to establish a prima facie case. Defendant’s argument was based solely upon the fact that plaintiff had no evidence linking the "hit-and-run” vehicle to the defendant without the acceptance of these four documents. Interestingly enough, each document standing alone is inadmissible as hearsay; but, all four together help establish a pattern of acts which lead to the "truth” of the case.
Hearsay is a "rule rejecting assertions, offered testimonially, which have not been in some way subjected to the test of cross-examination” (5 Wigmore, Evidence [3d ed], § 1362). That great Chief Judge of the Court of Appeals, Stanley Fuld, once wrote: "The common law of evidence is constantly being refashioned by the courts of this and other jurisdictions to meet the demands of modern litigation. Exceptions to the hearsay rules are being broadened and created where necessary. * * * Absent some strong public policy or a clear act of preemption by the Legislature, rules of evidence should be *223 fashioned to further, not frustrate, the truth-finding function of the courts in civil cases.” (Fleury v Edwards, 14 NY2d 334, 341.) Defendant’s attorney would have the court elevate form over substance so as to prevent plaintiff from establishing a prima facie case. He offered no witness, no defense — only the technical argument that plaintiff failed to prove the "hit-and-run” vehicle belonged to the defendant or was being driven with the defendant’s permission, except by inadmissible evidence.
The burden of proof rests on the plaintiff and is complicated when the driver of the other vehicle does not stop to exchange information. However, the driver’s misfeasance should not serve as a barrier to plaintiff’s efforts in establishing the identity of the "hit-and-run” vehicle. In the instant matter, plaintiff testified that he copied down the license number of said vehicle. He gave the license number to the police officer. The police officer testified that he entered said number along with the owner of said vehicle on his official accident report. Said report was introduced into evidence. Additional documents were introduced into evidence establishing the nexus of the defendant’s vehicle to the accident in question based upon subsequent occurrences so close in space and time permitting an inference to be drawn that the defendant’s vehicle was the vehicle involved in this litigation.
While the evidence introduced only created a presumption of ownership, defendant had ample opportunity to rebut it by offering evidence that it owned no vehicle with the license plate 244T23 (Morgan v Termine, 2 Misc 2d 109; Ferris v Sterling, 214 NY 249, and Switzer v Aldrich, 307 NY 56).
Once plaintiff established by a fair preponderance of the evidence that the vehicle belonged to the defendant corporation, a second presumption arose that the operator of said vehicle (Jose Quijije) operated it with the consent of the defendant. Section 388 of the Vehicle and Traffic Law states in part: "1. Every owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner.”
The presumption of permissive use is well established. In Leotta v Plessinger (8 NY2d 449, 461), the Court of Appeals stated: "proof of ownership of a motor vehicle creates a *224 rebuttable presumption that the driver was using the vehicle with the owner’s permission, express or implied * * * and that this presumption continues until there is substantial evidence to the contrary.”
Defendant offered no proof whatsoever that, (1) Jose Quijije was not an employee; or (2) If an employee, he had no permission to drive the cab on the day in question. Accordingly, a presumption which has not been rebutted may be used to establish a fact or issue in question.
The court finds defendant liable for the injuries inflicted upon the plaintiff; and awards plaintiff $2,315 for personal injuries plus $1,176 for property damage — making a total of $3,491.