TROMMATER v STATE OF MICHIGAN

Docket Nos. 52967, 53108. Submitted June 8, 1981, at Grand Rapids.
—Decided January 19, 1982. Leave to appeal applied for.

Gene E. Trommater, as administrator of the estates of Myra L.
Trommater and Annette Trommater, deceased, and Charlene
Bott, as guardian of Tracy Jensen, a minor, brought separate
actions in negligence against the State of Michigan for damages
arising from the deaths of Myra and Annette Trommater and .
injuries incurred by Tracy Jensen following an automobile
accident involving a motor vehicle owned and driven by Vir-
ginia Cox, a state employee acting in the course of her employ-
ment. The defendant moved for summary judgment against
both plaintiffs on the ground that it was immune from liability
as a governmental agency. The Court of Claims, Lawrence C.
Root, J., granted the defendant's motion. The plaintiffs appeal.
The appeals were consolidated. *Held:*

1. The Court of Claims properly held that the activity en-
gaged in by Virginia Cox at the time of the accident was *sui
generis* governmental and that the state was immune from
liability.

2. The Court of Claims properly held that the statutory
provision rendering the state liable for damages arising out of
an employee's negligent operation of a state-owned motor vehi-
cle does not arbitrarily distinguish between privately and state-
owned motor vehicles and is consistent with equal protection
guarantees.

Affirmed.

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT — FAILURE TO STATE
CLAIM.
   A motion for summary judgment on the ground that a party

REFERENCES FOR POINTS IN HEADNOTES
[1] 61A Am Jur 2d, Pleading §§ 71 *et seq.,* 230 *et seq.*
[2, 3] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 28.
   72 Am Jur 2d, States, Territories, and Dependencies § 99.
   Municipal immunity from liability for torts. 60 ALR2d 1198.
[4, 5] 7A Am Jur 2d, Automobile and Highway Traffic § 682.
   8 Am Jur 2d, Automobiles and Highway Traffic § 970.
   57 Am Jur 2d, Municipal, School, and State Tort Liability § 118 *et
   seq.*

failed to state a claim upon which relief can be granted challenges the legal sufficiency of the pleadings alone and is to be tested by whether, accepting all well-pleaded facts as true, the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery (GCR 1963, 117.2[1]).

2. GOVERNMENTAL IMMUNITY — GOVERNMENTAL FUNCTION.

An activity is deemed to be a governmental function for the purpose of determining immunity from tort liability where the purpose, planning, and carrying out of the activity can be accomplished effectively only by the government (MCL 691.1407; MSA 3.996[107]).

3. GOVERNMENTAL IMMUNITY — GOVERNMENTAL FUNCTION — SOCIAL WELFARE ACT.

The activities prescribed pursuant to the Social Welfare Act constitute governmental functions for the purpose of determining immunity from tort liability, the existence of analogous private sector activities notwithstanding (MCL 400.1 *et seq.,* 691.1407; MSA 16.401 *et seq.,* 3.996[107]).

4. GOVERNMENTAL IMMUNITY — GOVERNMENTAL FUNCTION — AUTO-MOBILES — NEGLIGENCE.

A governmental agency is liable for bodily injury and property damage resulting from the negligent operation of a government-owned motor vehicle by an agency employee; however, where the employee negligently operates a privately owned motor vehicle in the course of his employment, *sui generis* governmental, which results in bodily injury or property damage, the agency is immune from tort liability (MCL 691.1405, 691.1407; MSA 3.996[105], 3.996[107]).

5. GOVERNMENTAL IMMUNITY — NEGLIGENCE — STATE-OWNED AUTO-MOBILES — EQUAL PROTECTION.

The statutory provision confining governmental agency liability for bodily injury and property damage resulting from the negligent operation of a motor vehicle to accidents involving state-owned vehicles is not arbitrary and is rationally related to the objective of the statute and thus is consistent with equal protection guarantees (MCL 691.1405; MSA 3.996[105]).

*Cholette, Perkins & Buchanan* (by *Grant J. Gruel* and *Robert L. Kloostra),* for Gene E. Trommater.

*Murray, Mroz & Guikema* (by *James R. Hulbert*), for Charlene Bott.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Stephen H. Garrard,* Assistant Attorney General, for defendant.

Before: D. F. WALSH, P.J., and MACKENZIE and J. R. ERNST,* JJ.

D. F. WALSH, P.J. Plaintiffs appeal the entry of summary judgment by the Court of Claims based on governmental immunity.

In May, 1977, Gene E. Trommater, Myra L. and Annette Trommater, and Tracy Jensen were involved in an automobile accident at the intersection of Ten Mile Road and Meyers Lake Road in Kent County. Plaintiff Gene Trommater's vehicle was struck by an automobile owned and driven by Virginia Cox, an employee of the Kent County Department of Social Services. Cox allegedly disregarded a flashing red light and a pair of stop signs located at the intersection and struck the Trommater vehicle broadside. Myra L. and Annette Trommater died as a result of the collision, and Tracy Jensen sustained serious bodily injury.

At the time of the accident, Cox, a social worker in the department's adult division, was returning to Grand Rapids after her last client visitation of the day in Rockford, Michigan. The collision, therefore, occurred while Cox was in the course of her employment by defendant. Pursuant to state departmental policy, Cox was paid mileage to compensate her for the use of her vehicle.

Plaintiffs filed separate complaints alleging that defendant State of Michigan was vicariously liable

---

* Circuit judge, sitting on the Court of Appeals by assignment.

for the negligence of its employee, Virginia Cox. Plaintiff Bott also alleged that defendant was negligent in failing to take precautions in the selection of those employees required to drive vehicles in the course of their employment.

Defendant moved against both plaintiffs for summary judgment pursuant to GCR 1963, 117.2(1). Defendant argued that plaintiffs failed to allege facts in avoidance of governmental immunity and that there was no applicable exception to the immunity statute, the automobile exception, MCL 691.1405; MSA 3.996(105), being inapplicable because defendant was not the "owner" of the vehicle. Plaintiffs argued in response that the statutory exception regarding state-owned vehicles was unconstitutional on equal protection grounds. US Const, Am XIV, Const 1963, art 1, § 2.

In granting defendant's motions for summary judgment, the Court of Claims ruled that governmental immunity precluded any liability on the part of defendant because the activity of Virginia Cox involved a "governmental function". The court rejected the equal protection challenge on the ground that there was a rational basis for the statute since it placed the state in an equivalent position with private vehicle owners under MCL 257.401; MSA 9.2101 by allowing the state to be sued for tortious conduct arising out of the operation of a state-owned vehicle.

On appeal, plaintiffs claim that the court erred in ruling that the driver of the automobile was involved in a governmental function. Plaintiffs argue that the tortious conduct alleged in the complaint, *i.e.,* the negligent operation of a motor vehicle, cannot be considered an activity effectively accomplished only by the government. Further, plaintiffs contend that since there are other pri-

vately financed organizations involved in providing for the social welfare, the activities of the Department of Social Services do not constitute a governmental function.

A motion based on GCR 1963, 117.2(1), challenges the legal sufficiency of a complaint and must be considered by an examination of the pleadings alone. A reviewing court is obligated to accept as true all well-pleaded facts in the complaint and to determine whether the claims are so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery. *Duhame v Kaiser Engineering of Michigan, Inc,* 102 Mich App 68, 71; 300 NW2d 737 (1980).

MCL 691.1407; MSA 3.996(107), provides:

"Except as in this act otherwise provided, all governmental agencies shall be immune from tort liability in all cases wherein the government agency is engaged in the exercise or discharge of a governmental function. Except as otherwise provided herein, this act shall not be construed as modifying or restricting the immunity of the state from tort liability as it existed heretofore, which immunity is affirmed."

In *Parker v Highland Park,* 404 Mich 183, 199-200; 273 NW2d 413 (1978), Justice MOODY discussed the dispositive test in determining a "governmental function":

"It is held today that activity conducted in a general hospital operated by a municipality is not a governmental function for immunity purposes. This conclusion is predicated on the bases that the term 'governmental function' is limited to those activities *sui generis* governmental—of essence to governing.

"In *Thomas [v Dep't of State Highways,* 398 Mich 1; 247 NW2d 530 (1976)], it was suggested that this test

meant that a function is not governmental unless the particular activity involved has 'no common analogy in the private sector'. Furthermore, it was observed that the perimeter of governmental function will most often 'run along the line of distinction between decisional and planning aspects of governmental duties on the one hand, and operational aspects on the other'. 398 Mich 21, 22.

"Although these concepts may have some significance in given cases when applying the 'governmental essence' test, in other instances they could be misleading or inapplicable. For instance, it would be incongruous to find that the operational activities of some public agencies are other than governmental. Likewise, conceivably there could be essential governmental activity which would have some common analogy in the private sector.

"To delineate a complete and balanced definition of governmental function within a simplistic format would be presumptuous. However, as a basic guideline, the crux of the governmental essence test should be founded upon the inquiry whether the purpose, planning and carrying out of the activity, due to its unique character or governmental mandate, *can be effectively accomplished only by the government.* Unless liability would be an unacceptable interference with government's ability to govern, activities that fall outside this perimeter, although performed by a government agency, are not governmental functions and therefore not immune." (Emphasis supplied.)

The goals of the Social Welfare Act, 1939 PA 280, MCL 400.1 *et seq.;* MSA 16.401 *et seq.,* are set forth in the preamble as follows:

"An Act to protect the welfare of the people of this state; to provide general relief, hospitalization, infirmary and medical care to poor or unfortunate persons; to provide for compliance by this state with the provisions of the social security act; to provide protection, welfare and services to aged persons, dependent children, the blind, and the permanently and totally dis-

abled; to administer programs and services for the prevention and treatment of delinquency, dependency and neglect of children; to create a state department of social services; to prescribe the powers and duties of the department; to provide for the interstate and inter-county transfer of dependents; to create county and district departments of social services; to create within certain county departments, bureaus of social aid and certain divisions and offices thereunder; to prescribe the powers and duties of the departments, bureaus and officers; to provide for appeals in certain cases; to prescribe the powers and duties of the state department with respect to county and district departments; to make an appropriation; and to prescribe penalties for the violation of the provisions of this act."

In the instant case, the vehicle that was driven by defendant's employee was being operated pursuant to the daily implementation of the Social Welfare Act. We reject summarily plaintiffs' claim that the driving of an automobile must be examined without any reference to its use at the time of the accident. The driving of the vehicle and the employment-related purpose for which it was being driven are simply not divisible for purposes of our analysis here. The vehicle was being driven by a state employee in the course of her employment and to accomplish the responsibilities of her employment. We must view the tortious conduct alleged in plaintiffs' complaint in this context.

In determining whether an activity is a "governmental function", the primary focus is on whether the purpose, planning, and carrying out of the activity can be accomplished effectively only by the government. Here, the automobile's driver, a social worker, was returning from a visit to a client. Her performance as a case worker was legislatively mandated under the Social Welfare Act. As correctly pointed out by plaintiffs, there

are private charitable organizations concerned with remedying the same type of social problems. However, as indicated by Justice MOODY in *Parker,* the existence of analogous private sector activities alone does not negate the conclusion that certain conduct is a governmental function. The pervasive nature of societal needs in the areas addressed in the Social Welfare Act persuades us that the activity is a governmental function. In our judgment, the scope of social welfare problems is such that effective solutions require the utilization of resources possessed only by the state. We conclude, therefore, that this uniquely mandated activity can be effectively accomplished only by government. The Court of Claims did not err in ruling that the activity was a governmental function within the meaning of the statute.

Plaintiffs further argue that MCL 691.1405; MSA 3.996(105) is unconstitutional on equal protection grounds. The statute reads as follows:

"Governmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner, as defined in Act No. 300 of the Public Acts of 1949, as amended, being sections 257.1 to 257.923 of the Compiled Laws of 1948."

Plaintiffs contend that the statute arbitrarily distinguishes between privately owned and state-owned vehicles because there is no rational relationship in the Legislature's allowing compensation from the state for victims of auto accidents involving state-owned cars but excluding liability for collisions involving privately owned automobiles driven by state employees.

In order to prevail on the claim that a statute

violates equal protection, a party must demonstrate that the classification is arbitrary and wholly unrelated in a rational way to the objective of the statute. *Smith v Employment Security Comm,* 410 Mich 231, 271; 301 NW2d 285 (1981).

Plaintiffs have failed to meet this heavy burden. The statutory exception, confined solely to state-owned vehicles, serves the purpose of ensuring that redress is available against the owner of the vehicle, in this case the state. This is consistent with the Legislature's imposition of liability on the owner of a privately owned vehicle under MCL 257.401; MSA 9.2101. The exception also distinguishes between state-owned and privately owned vehicles so as to preserve governmental immunity from liability for accidents caused by vehicles that are neither kept nor maintained by the state. It is reasonable, at least, for the Legislature to provide that the state will not be. held liable for vehicles over which it has no control. Since there is a rational basis underlying MCL 691.1405; MSA 3.996(105), we conclude that there is no violation of equal protection.

We summarily reject plaintiff Bott's assertion that the doctrine of governmental immunity should be abolished. See *Deaner v Utica Community School Dist,* 99 Mich App 103, 109; 297 NW2d 625 (1980).

The decision of the Court of Claims is affirmed.