STAPLETON *v.* INDEPENDENT BREWING CO.

1. AUTOMOBILES—LIABILITY OF OWNER—NEGLIGENCE—STATUTES.
  Under Act No. 302, Pub. Acts 1915, § 29 (1 Comp. Laws 1915, § 4825), providing that the owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation of such motor vehicle when it is being driven by another with his express or implied consent or knowledge, where the owner loans it to a company for use in its business and a wagon and team belonging to a third person are injured as the result of the negligence of the company's driver, the owner is liable.

2. SAME—STATUTES—CONSTITUTIONALITY.
  Act No. 302, Pub. Acts 1915, § 29, relating to the liability of the owner of a motor vehicle for injury occasioned by negligence in operation while it is being driven by another by his express knowledge and consent, while safeguarding the rights of persons having occasion to use the

streets, does not unreasonably infringe upon the rights of those able to own automobiles, and is within the police power of the State.[1]

Error to Wayne; Shepherd, J., presiding. Submitted June 22, 1917. (Docket No. 130.) Decided September 27, 1917.

Case in justice's court by William J. Stapleton against the Independent Brewing Company for the negligent killing of plaintiff's horse. There was judgment for defendant, and plaintiff appealed to the circuit court by writ of certiorari. Judgment for plaintiff. Defendant brings error. Affirmed.

*J. O. Murfin* (*Howard M. Campbell*, of counsel), for appellant.

*Guy W. Moore* and *Hal. P. Wilson*, for appellee.

MOORE, J. This suit arises as a result of an automobile accident. The suit was commenced in justice's court to recover the sum of $375 for damages done, as a result of the accident to a wagon and team of horses belonging to plaintiff. The automobile which caused the accident was owned by the defendant, but at the time of the accident above referred to it had loaned it to the Detroit Axle Company to be used in the Detroit Axle Company's business, and at this particular time the automobile was being driven by an employee of the Detroit Axle Company. The record discloses the following:

"*Q.* On this particular occasion did you know that this automobile was being used by the Detroit Axle Company?

"*A.* Yes, sir.

"*Q.* And it was with the consent of the Independent Brewing Company?

"*A.* Yes, sir."

[1] On liability of owner of automobile when car is being used by borrower or hirer, see notes in 33 L. R. A. (N. S.) 81; 37 L. R. A. (N. S.) 834; 47 L. R. A. (N. S.) 662; L. R. A. 1916A, 957.

Counsel for appellant say there is but one question represented for determination—*i.e.*:

"If an employee of the Detroit Axle Company, engaged in that company's business, negligently operates an automobile owned by another party, is the owner of that automobile liable where there is no relation of master and servant, but where the automobile is so used with the consent of the owner?"

This question involves a construction of section 29 of Act No. 302 of the Public Acts of 1915 (1 Comp. Laws 1915, § 4825). The portion of that section necessary to an understanding of this case reads as follows:

"SEC. 29. *Civil Actions.* Nothing in this act shall be construed to curtail or abridge the right of any person to prosecute a civil action for damages by reason of injuries to person or property resulting from the negligence of the owner or operator or his agent, employee or servant, of any such motor vehicle, or resulting from the negligent use of the highway by them or any of them. The owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation of such motor vehicle, whether such negligence consists in violation of the provisions of the statutes of this State or in the failure to observe such ordinary care in such operation as the rules of the common law require: *Provided,* That the owner shall not be liable unless said motor vehicle is being driven by the express or implied consent or knowledge of such owner." *  *  *

Counsel say:

"The statute itself does not purport to give a cause of action on the facts of this case. * * * As the statute now stands this section is merely declaratory of the common law. If it was intended to make the owner liable no matter by whom the car was operated, it would have been very easy to say so, but the statute does not purport to use any such language. An analysis of the proviso is interesting; the proviso reads: '*Provided,* that the owner shall not be liable unless said motor vehicle is being driven by the express or implied consent or knowledge of such owner.' If the legis-

lature intended to make the owner liable, no matter by whom the car was driven, the language employed would probably have been: 'That the owner shall be liable if said motor vehicle is being driven,' etc. * * * It does not so state."

This argument is answered by the reading of the statute:

"The owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation of such motor vehicle."

And the proviso contains the exceptions to that liability. We quote again from the brief of counsel:

"If the construction contended for in the previous subdivision of this brief is not upheld, it necessarily follows that the statute must be deemed to impose a liability upon the owner of an automobile for an accident happening through its operation whether the owner is at fault or not. A statute of this description would violate both the Federal and State Constitutions. It would constitute a deprivation of property without due process of law and would be so obviously unjust, oppressive and arbitrary as to contravene the fundamental rights of a citizen. At the outset it should be borne in mind: 'An automobile is not a "dangerous instrumentality" in the sense in which that term is used in the law.' *Brinkman* v. *Zuckerman*, 192 Mich. 624 (159 N. W. 316), decided by our Supreme Court September 26, 1916; *Hartley* v. *Miller*, 165 Mich. 115, 119 (130 N. W. 336, 33 L. R. A. [N. S.] 81); *Cunningham* v. *Castle*, 127 App. Div. 580 (111 N. Y. Supp. 1057); *McIntyre* v. *Orner*, 166 Ind. 57 (76 N. E. 750, 4 L. R. A. [N. S.] 1130, 117 Am. St. Rep. 359, 8 Am. & Eng. Ann. Cas. 1087); *Jones* v. *Hoge*, 47 Wash. 663 (92 Pac. 433, 14 L. R. A. [N. S.] 216, 125 Am. St. Rep. 915); *Lewis* v. *Amorous*, 3 Ga. App. 50 (59 S. E. 338). It is not the ferocity of automobiles that is to be feared, but the ferocity of those who drive them. Until human agency intervenes, they are usually harmless. * * * Has the legislature power to say that the Independent Brewing Company, totally and wholly without fault, with nothing whatsoever to do with the situation, shall be liable for that

accident? Our Supreme Court has already held in substance and effect that such a liability may not be imposed by the legislature. *Daugherty* v. *Thomas,* 174 Mich. 371 (140 N. W. 615, 45 L. R. A. [N. S.] 699, Am. & Eng. Ann. Cas. 1915A, 1163)."

So far as the cases cited by counsel are applicable they do not sustain the contention of counsel. The quotation from *Brinkman* v. *Zuckerman, supra,* should contain two or three more lines reading:

"An automobile is not a 'dangerous instrumentality' in the sense in which that term is used in the law; and the relation between the owner of the car and his chauffeur is determined in the absence of a statute by the general rules of law relative to master and servant."

We think this intimates that the general rules of law may be changed by statute. The case of *Daugherty* v. *Thomas, supra,* construed certain provisions of Act No. 318 of the Public Acts of 1909. Act No. 33, Public Acts of 1909 (3 Comp. Laws 1915, § 15431), provided:

"Every person who takes or uses without authority an automobile or other motor vehicle without intent to steal the same * * * shall, upon conviction," etc.

In the case of *Daugherty* v. *Thomas* this court discussed at length all the issues involved in the instant case. In concluding its opinion it was said of Act No. 318, Public Acts of 1909:

"Had this provision of the statute been followed by language indicating that the owner should not be liable in case the automobile or other motor vehicle was taken or used in violation of Act No. 33 of the Public Acts of 1909, the infirmity would have been cured."

Acting strictly along the lines suggested in this opinion the legislature in 1915 enacted Act No. 302, § 29 (1 Comp. Laws 1915, § 4825), containing the following:

"* * * The owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation of such motor vehicle: * * * *Provided*, That the owner shall not be liable unless said motor vehicle is being driven by the express or implied consent or knowledge of such owner."

It is true that the automobile has become so perfected that it may not be classed as a "dangerous instrumentality" when intelligently managed. It will not shy, balk, back up, or run away when properly directed, but may do all of these when managed by an inexperienced, incompetent, or reckless driver. When in the control of such a one it becomes an exceedingly destructive agency as the daily toll of lives and the many injuries to persons chronicled by the newspapers attest. If the owner of such agency consents to turn it over to the control of an incompetent or reckless chauffeur he is not deprived of any legal right by holding him liable for its negligent operation when in such control and a greater degree of safety to the general public is likely to follow.

The present statute, while safeguarding the rights of persons having occasion to use the streets, does not unreasonably infringe upon the rights of those able to own automobiles. The owner of an automobile is supposed to know, and should know, about the qualifications of the persons he allows to use his car, to drive his automobile, and if he has doubts of the competency or carefulness of the driver he should refuse to give his consent to the use by him of the machine. The statute is within the police power of the State.

Judgment is affirmed, with costs to the plaintiff.

KUHN, C. J., and STONE, OSTRANDER, BIRD, STEERE, BROOKE, and FELLOWS, JJ., concurred.