# MUGLESTON v. GLAITTLI.

No. 7676.   Decided June 3, 1953.   (258 P. 2d 438.)

See 60 C. J. S., Motor Vehicles, sec. 432. Liability of parent for injury inflicted by minor child using automobile without parent's consent. 5 Am. Jur., Automobiles, sec. 360; 12 A. L R. 816.

*Shields & Shields*, Salt Lake City, *Robert Backman*, Salt Lake City, for appellant.

*Horace J. Knowlton*, Salt Lake City, for respondent.

McDONOUGH, Justice.

Defendant owned an automobile and a panel truck. On September 13, 1950, while hurriedly preparing to attend a show with his wife and another couple, defendant warned his 15-year-old son to leave the cars alone except to drive them into the yard and to particularly not get any "bright or funny ideas" about driving them elsewhere. As soon as defendant left, and evidently in conformity with a preconceived arrangement among several neighborhood youngsters, including the plaintiff, the defendant's son drove the car into the yard, piled the youngsters into the panel truck and departed upon a joy ride. During this ride the truck was negligently driven into a barrow-pit and plaintiff was injured. There is testimony to the effect that defendant had, in the past allowed his son to drive his car around the neighborhood. The lower court awarded a judgment against the defendant upon the theory that anyone who negligently leaves his automobile where it is available to a child under 16 is absolutely liable for any injuries caused by the child while driving.

The one real question raised by defendant on appeal is whether a parent who is absent and who has not directed the son to use the automobile, nor consented to its use, is guilty of negligence which will support a judgment against him. We believe he is not.

Section 57-4-26, U.C.A.1943, states:

"Every owner of a motor vehicle causing or knowingly permitting a minor under the age of eighteen years to drive such vehicle upon a highway, and any person who gives or furnishes a motor vehicle to such minor, shall be jointly and severally liable with such minor for any damages caused by the negligence of such minor in driving such vehicle."

Section 57-4-31(a), U.C.A.1943 provides:

"No person shall authorize or knowingly permit a motor vehicle owned by him or under his control to be driven by any person who has no legal right to do so or in violation of any of the provisions of this act."

Defendant cannot be held under either of these provisions. Section 57-4-26 requires that the owner "causing or knowingly permitting" such operation. Section 57-4-31 (a) requires such owner to "authorize or knowingly permit" the violation. Neither plaintiff or defendant contend that the defendant knowingly permitted, authorized, or caused the unlawful operation of the vehicle on the occasion in question. The testimony, in fact, is that such use of the automobile was expressly forbidden. The authorization to drive the cars into the yard cannot be construed to be general permission to use the automobiles in any other manner or for any other purpose. Indeed such authorization was not one to drive on the highway at all, except as to the few feet from the front of the house to the driveway entrance. Under such circumstances these statutory provisions have no application to the appellant.

It remains to consider whether defendant is to be held under the theory of common-law negligence. We hold that he is not.

Respondent cites several authorities and cases holding the parent responsible where permission was given to use the automobile.

The basis for negligence in these cases was the entrusting of the machine to an incompetent driver. Since there was no such "entrustment" or permission given by appellant such cases have no application to the case at bar. It is a familiar principle of law that liability can exist, apart from the parents' own negligence in entrusting the machine to an incompetent person, only where the tortious act is done by the child as the servant or agent of the parent, or where the act is consented to or ratified by the parent. 39 Am.Jur. Parent and Child §§ 55, 691. The parents' responsibility in such case is governed by the ordinary principles affecting the liability of a principal for the act of his agent or a master for his servant. One of these basic principles is that even where a principal-agent relationship exists the parent cannot be held responsible for an act of the child who is engaged in some private venture of his own.

If the question here involved were whether the minor was driving on the highway pursuant to authority from the parent to so use the car as occasion demanded, evidence that the minor drove the car on such frequent occasions and under such circumstances as to justify an inference that the parent had notice thereof, would justify a finding of authorization. And this would be true although the parent denied the granting of permission. *Lowder* v. *Holley*, 120 Utah 231, 233 P. 2d 350. This case, however, was not tried or ruled upon such theory; but rather upon the theory, as we understand the record and briefs, that the parent negligently left the vehicle where the minor could use it in violation of law, in consequence whereof the parent was liable for damage proximately resulting from such use.

The authorities cited by respondent in support of such theory all deal with injury inflicted by a minor child with a dangerous instrumentality left accessible to him, see annotation in 12 A.L.R. 812, such as a firearm or explosive. But a motor vehicle, as such, is not a dangerous instrumentality. 5 Am.Jur., Automobiles § 11.

It may, however, be regarded as such in the hands of an incompetent driver, and an owner thereof who knowingly entrusts its operation to such a driver is liable, even in the absence of statute, for the proximate consequences of its operation in such hands. *Stapleton* v. *Independent Brewing Co.*, 198 Mich. 170, 164 N.W. 520, L.R.A.1918A, 916, and see annotation 36 A.L.R. 1150.

Under the facts we can find no basis for a principal-agent or master-servant relationship between appellant and his son. Hence, we conclude that the lower court was in error. The judgment appealed from is reversed. Costs to appellant.

WOLFE, C. J., and CROCKETT, HENRIOD and WADE, JJ., concur.