BERRY v KIPF

Docket No. 92904. Submitted January 20, 1987, at Lansing. Decided May 18, 1987.

Donald Berry was injured when his vehicle was intentionally rammed by an automobile which was owned by Juanita Hatcher and was being operated by Mitchell Kipf. Berry brought an action for damages in Delta Circuit Court against Kipf, Hatcher, and others. Plaintiff's claim against Hatcher was based on the motor vehicle owners liability statute. Hatcher moved for summary disposition on the basis that plaintiff had failed to state a claim upon which relief could be granted because the owners liability statute by its own terms applied only to negligence rather than an intentional tort. The trial court, Dean J. Shipman, J., granted defendant Hatcher's motion and entered a final judgment in her favor. Plaintiff appealed.

The Court of Appeals *held:*

The motor vehicle owners liability statute clearly is applicable to actions for damages for injuries caused by the negligent operation of a motor vehicle. Since plaintiff claims that Kipf intentionally rammed the Hatcher vehicle into his vehicle, liability does not attach to Hatcher as owner of the vehicle under the statute, an intentional tort rather than negligent operation of the motor vehicle being involved.

Affirmed.

AUTOMOBILES — OWNERS LIABILITY STATUTE — INTENTIONAL TORTS.

The statute which imposes liability in the owner of a motor vehicle which is being operated with the owner's express or implied consent or knowledge imposes liability only for injuries occasioned by the negligent operation of the motor vehicle; accordingly, such statute does not impose liability upon the owner of a motor vehicle where the resulting injury is the

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic § 641 *et seq.*

What constitutes "operation" or "negligence in operation" within statute making owner of motor vehicle liable for negligence in its operation. 13 ALR2d 378.

result of the driver's intentional acts (MCL 257.401; MSA 9.2101).

*Green, Renner, Weisse, Rettig, Rademacher & Clark, P.C.* (by *George C. Renner*), for plaintiff.

*Davis, Olsen, Filoramo, Plackowski & Jarvi, P.C.* (by *Stephen T. Davis*), for Juanita Hatcher.

Before: M. J. KELLY, P.J., and SAWYER and M. R. KNOBLOCK,* JJ.

PER CURIAM. Plaintiff appeals as of right from an order of summary disposition granted under MCR 2.116(C)(8) in favor of defendant Juanita Hatcher only. We affirm.

According to the complaint, filed February 6, 1986, plaintiff was injured on July 14, 1984, when defendant Mitchell Kipf intentionally rammed the automobile which he was driving into plaintiff's vehicle. At the time, Kipf was accompanied by defendants Michael Ferris and Timothy Bussel, all of whom had been drinking at Herb's Bar, owned by defendants Herbert and William Westlund. In Count I of his complaint, plaintiff charged defendants Kipf, Ferris and Bussel with the intentional tort of assault and battery. In Count III, plaintiff charged the Westlunds and Herb's Bar with having violated the provisions of the dramshop act, MCL 436.22; MSA 18.993. These defendants are not parties to the instant appeal.

Defendant Juanita Hatcher owned the automobile operated by Kipf and consented to his use of that vehicle. While not stated in the complaint, both parties on appeal agree that Juanita Hatcher is Mitchell Kipf's mother. In Count II of his complaint, plaintiff sets forth an entirely derivative

* Circuit judge, sitting on the Court of Appeals by assignment.

cause of action against Hatcher, alleging that she is liable for his damages solely on the basis of her ownership of the car. Plaintiff has not pled a cause of action of negligent entrustment against Hatcher. Hatcher answered the complaint and later filed a motion for summary disposition, claiming that plaintiff had failed to state a cause of action against her. Following oral argument, the trial court granted defendant's motion and certified its decision as a final order.

At common law, mere ownership of a motor vehicle did not subject the owner to civil liability for injuries caused by a nonowner's use of that vehicle, absent some independent theory of liability such as negligent entrustment or agency. See 3A Michigan Law & Practice, Automobiles & Motor Vehicles, § 232, p 251. By 1915, the current civil liability act was in place, providing in relevant part as follows:

> Nothing herein contained shall be construed to abridge the right of any person to prosecute a civil action for damages for injuries to either person or property resulting from a violation of any of the provisions of this act by the owner or operator of a motor vehicle, his agent or servant. The owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation of such motor vehicle whether such negligence consists of a violation of the provisions of the statutes of the state or in the failure to observe such ordinary care in such operation as the rules of the common law requires [sic]. The owner shall not be liable, however, unless said motor vehicle is being driven with his or her express or implied consent or knowledge. [MCL 257.401; MSA 9.2101.]

Thus, in addition to preserving common law civil liability arising out of ownership or operation of a motor vehicle, the civil liability act went on to

create a new cause of action against a motor vehicle owner for personal and property injuries arising out of a nonowner's negligent operation of the vehicle. *Wieczorek v Merskin,* 308 Mich 145, 148; 13 NW2d 239 (1944); *Moore v Palmer,* 350 Mich 363; 86 NW2d 585 (1957). The issue presented in this case is whether the cause of action created in the civil liability act subjects an owner to liability for the intentional torts committed by a nonowner while using the motor vehicle with the owner's consent.

It is a well known maxim that statutes which are in derogation of the common law must be strictly construed, and liability created by a statute may not be imposed beyond the clear terms of that statute. *Wieczorek, supra,* p 148; 7A Am Jur 2d, Automobiles & Highway Traffic, § 667, p 900; *DAIIE v Swift,* 11 Mich App 166, 168; 160 NW2d 738 (1968). By its express terms, the civil liability act creates ownership liability "for any injury occasioned by the *negligent operation* of such motor vehicle." (Emphasis added.) Nowhere in the act is it suggested that an owner is liable for injuries occasioned by the nonowner's intentional torts where the owner's motor vehicle served as a tool in the commission of the tort.

We must presume that the Legislature is aware of the distinction between negligence and intentional torts and that it chose not to create ownership liability for injuries arising out of the intentional acts of a nonowner. As noted by the Supreme Court in *Peyton v Delnay,* 348 Mich 238, 247; 83 NW2d 204 (1957): "The plain language of the statute establishes 'negligent operation' with 'express or implied consent or knowledge' of the owner as the first condition for recovery." Since it is not disputed here that plaintiff's complaint alleges his injuries arose out of Mitchell Kipf's

intentional acts rather than by negligent operation of the motor vehicle, the trial court did not err in granting summary judgment pursuant to MCR 2.116(C)(8).

Affirmed.