## ALEX v WILDFONG

Docket Nos. 112041, 112043. Decided June 9, 1999. On application by the defendants for leave to appeal, the Supreme Court, in lieu of granting leave, reversed the judgment of the Court of Appeals and reinstated the judgments of the circuit court.

Margaret E. Alex, as personal representative of the estate of Jamie A. Youngo, deceased, brought an action in the Muskegon Circuit Court against Richard C. Wildfong, Jr., a volunteer firefighter, the Fruitport Township Fire Department, and Fruitport Township, for the wrongful death of Mr. Youngo arising out of an automobile accident. At the time of the accident, Mr. Wildfong was traveling in his personal vehicle en route to a fire in the township when he collided with a vehicle driven by Mr. Youngo. A jury returned a verdict finding both Mr. Wildfong and Mr. Youngo negligent, but declined to find Mr. Wildfong grossly negligent. On motions by the plaintiff, the court, Michael A. Kobza, J., granted a new trial. A second jury found no gross negligence on the part of Mr. Wildfong, and the court entered judgment for the defendants. The Court of Appeals, SMOLENSKI, P.J., and NEFF, J. (MACKENZIE, J., dissenting), reversed in an unpublished opinion per curiam (Docket No. 194121). The defendants seek leave to appeal.

In an opinion per curiam, signed by Chief Justice WEAVER, and Justices BRICKLEY, CAVANAGH, TAYLOR, CORRIGAN, and YOUNG, the Supreme Court *held*:

The circuit court correctly determined that Mr. Wildfong was immune unless his conduct was grossly negligent. Because the jury found no gross negligence on his part, the judgment of the circuit court in his favor must be reinstated. Also, because there is no statutory basis for imposing liability on the township or its fire department, the judgment of the circuit court in favor of the municipal defendants must be reinstated.

1. The issue in this case is whether the potential liability of a governmental employee should be evaluated in the light of the immunity language of MCL 691.1407; MSA 3.996(107) or of the owner's civil liability statute, MCL 257.401(1); MSA 9.2101(1).

2. A person injured by a private citizen driving a privately owned vehicle generally can seek damages from the driver under an ordinary negligence standard, and can cite the same standard when

seeking damages from the owner under the owner's civil liability statute. While a person injured by a government employee driving a government-owned vehicle must show gross negligence to obtain damages from the driver, the person can seek damages from the owner of the vehicle under the ordinary negligence standard. However, a person injured by a government employee driving a privately owned vehicle cannot employ the ordinary negligence standard against the driver or the owner, because the driver/owner is the same person and, as a government employee, subject to the gross negligence standard.

3. While the owner's civil liability statute is a broad measure, widely applicable to owners of vehicles, MCL 691.1407(2); MSA 3.996(107)(2) governs individual immunity for lower-level government employees, including volunteers, and is the more specific measure in this instance. It deals directly with the potential liability of government employees and volunteers who are, or reasonably believe themselves to be, acting within the scope of their authority, on behalf of a governmental agency that is engaged in a governmental function.

Reversed.

Justice KELLY, dissenting, stated that, contrary to the majority's view, the Legislature has not formulated a clear statutory framework for determining the extent of governmental immunity in a case arising from a motor vehicle accident. A denial of liability under the circumstances of this case would occasion an anomalous result that would frustrate the Legislature's intent to provide redress for automobile negligence, while a finding of liability would achieve the intent and purpose of the owner liability statute and the purpose of the governmental immunity statute, providing for governmental liability in negligence cases involving state-owned vehicles. The majority's decision frustrates the Legislature's clear intent to hold automobile owners, both private actors and government agencies, liable for the negligence of the drivers of their owned vehicles. The defendant should be held liable for his negligence under the owner liability statute.

*Robert J. Riley* for plaintiff-appellee.

*Cunningham, Dalman, P.C.* (by *Kenneth B. Breese*); *John A. Lydick,* of counsel, for defendant-appellant Wildfong.

*Timmer, Jamo & O'Leary* (by *James S. O'Leary*
and *Kathleen A. Lopilato*) for defendants Fruitport
Township Fire Department and Fruitport Township.

PER CURIAM. On the way to a house fire, a volunteer
firefighter driving his own vehicle collided with a car
driven by the plaintiff's decedent. The ensuing litiga-
tion presents an issue regarding which of two statutes
should be used to gauge the defendants' potential lia-
bility. The circuit court entered judgment for the
defendants, but the Court of Appeals reversed. We
reinstate the judgment of the circuit court.

I

Richard C. Wildfong, Jr., was a volunteer firefighter
for the Fruitport Township Fire Department in Mus-
kegon County.[1] He traveled to fires and other emer-
gencies in his own pickup truck, on which he had
installed red and white oscillating roof lights and a
siren.

Late on a January evening in 1993, Mr. Wildfong
was awakened from sleep by his pager, which noti-
fied him of a reported chimney fire. He dressed and
left his home, driving his pickup.[2]

As he began traveling toward the fire, Mr. Wildfong
was not using the pickup's red lights or siren. He tes-
tified that he was not sure whether to go directly to

---

[1] Mr. Wildfong described himself as a "part-time firefighter/EMT" and tes-
tified that he is not obliged to respond to calls. His exact status with the
Fruitport Township Fire Department is unclear from the materials at
hand. However, the immunity statute treats a "volunteer acting on behalf
of a governmental agency" in the same manner that it treats an "employee
of a governmental agency." MCL 691.1407(2); MSA 3.996(107)(2).

[2] Mr. Wildfong is sure that he turned on his headlights. In her com-
plaint, the plaintiff alleged that he did not.

the fire, or go to the fire station and drive a pumper truck to the scene.

As Mr. Wildfong was making up his mind, he received a second page, indicating that the apparent chimney fire was, instead, an electrical fire in the upstairs of a structure. Hearing that report, Mr. Wildfong activated his overhead lights by plugging a cord into the receptacle for the cigarette lighter. He says he knows the overhead lights were on because he could see the red reflection against a white house that he passed as he turned them on.

The plaintiff believes that the overhead lights either were never activated or were turned on only an instant before the collision described below.

As Mr. Wildfong was driving east on Heights Ravenna Road, he approached an establishment called "Punches." A white car safely pulled out in front of him. It was followed by a second car, with which Mr. Wildfong's truck collided. The driver and one passenger were killed. Three other passengers were injured.

The plaintiff is the personal representative of the estate of the deceased driver, Jamie A. Youngo. In November 1993, she sued Mr. Wildfong, Fruitport Township, and the Fruitport Township Fire Department. Four other suits were filed by the passengers or their representatives.

The Muskegon Circuit Court consolidated the five cases for a trial on liability, reserving the question of damages.

Seeking a preliminary ruling, Fruitport Township and its fire department argued in circuit court that they were immune under MCL 691.1407(1); MSA

3.996(107)(1),[3] and that vicarious liability for Mr. Wildfong's actions could exist only if he had been grossly negligent, MCL 691.1407(2)(c); MSA 3.996(107)(2)(c).[4] Fruitport acknowledged that a governmental agency can be found liable for ordinary negligence in the operation of a government-owned motor vehicle, MCL 691.1405; MSA 3.996(105), but noted that Mr. Wildfong was driving his own vehicle. The circuit court agreed that "[g]ross negligence would bind the Township," saying that "[t]he other claims would be dismissed."

---

[3] Except as otherwise provided in this act, all governmental agencies shall be immune from tort liability in all cases wherein the government agency is engaged in the exercise or discharge of a governmental function. Except as otherwise provided in this act, this act shall not be construed as modifying or restricting the immunity of the state from tort liability as it existed before July 1, 1965, which immunity is affirmed. [MCL 691.1407(1); MSA 3.996(107)(1).]

[4] Except as otherwise provided in this section, and without regard to the discretionary or ministerial nature of the conduct in question, each officer and employee of a governmental agency, each volunteer acting on behalf of a governmental agency, and each member of a board, council, commission, or statutorily created task force of a governmental agency shall be immune from tort liability for injuries to persons or damages to property caused by the officer, employee, or member while in the course of employment or service or volunteer while acting on behalf of a governmental agency if all of the following are met:

(a) The officer, employee, member, or volunteer is acting or reasonably believes he or she is acting within the scope of his or her authority.

(b) The governmental agency is engaged in the exercise or discharge of a governmental function.

(c) The officer's, employee's, member's, or volunteer's conduct does not amount to gross negligence that is the proximate cause of the injury or damage. As used in this subdivision, "gross negligence" means conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results. [MCL 691.1407(2); MSA 3.996(107)(2).]

The October 1994 jury trial on liability concluded three days later, when the jury returned a verdict in which it found that both Mr. Wildfong and Mr. Youngo were negligent. However, the jury found that Mr. Wildfong was not grossly negligent.

A few days after the jury returned its verdict, the defendants (Mr. Wildfong, the township, and the fire department) filed a motion for summary disposition, seeking to employ the jury's finding of no gross negligence to establish that all the defendants were immune, and that a final judgment in their favor could therefore be entered.

Approximately three weeks after that, the plaintiff filed motions for summary disposition, for new trial, and to reopen the proofs. The latter motions were based on the affidavit of a woman who had come forward after trial, disclosing for the first time that she had witnessed the accident. After two hearings and a deposition, the circuit court granted a new trial, again limited to issues of liability.

The defendants later renewed their motion for summary disposition, but it was denied by the circuit court.

The case was retried in February 1996. This time, a different verdict form was used, so that gross negligence was the first question for the jurors to answer. Again, they found no gross negligence on the part of Mr. Wildfong. In accordance with the court's directions, the jury then stopped without answering the remaining questions regarding ordinary negligence, proximate cause, or allocation of fault. The circuit court entered judgment in favor of the defendants.

The plaintiff appealed, and persuaded the Court of
Appeals to reverse.[5] A majority of the panel found the
case to be controlled by *Haberl v Rose*, 225 Mich App
254; 570 NW2d 664 (1997), which is discussed below.
Judge MACKENZIE dissented.

Mr. Wildfong has applied to this Court for leave to
appeal. A separate application has also been filed by
Fruitport Township and its fire department.

II

In *Haberl v Rose*, a school employee was driving
her own car in connection with her work. She negli-
gently collided with another vehicle, causing serious
injury.

At the time of the accident, Ms. Rose was acting
within the scope of her employment, her employer
was engaged in a governmental function, and she was
not grossly negligent. She thus appeared to be
immune under MCL 691.1407(2); MSA 3.996(107)(2).[6]

However, the plaintiffs in *Haberl* asserted that her
ordinary negligence allowed the imposition of liability
under the owner's civil liability section of the Motor
Vehicle Code. MCL 257.401(1); MSA 9.2101(1). That
provision states that the owner of a vehicle is liable
for injury caused by ordinary negligence in the opera-
tion of the vehicle.[7]

---

[5] Unpublished opinion per curiam, issued April 3, 1998 (Docket No.
194121).

[6] See footnote 4.

[7]    This section shall not be construed to limit the right of a person
to bring a civil action for damages for injuries to either person or
property resulting from a violation of this act by the owner or oper-
ator of a motor vehicle or his or her agent or servant. *The owner of
a motor vehicle is liable for an injury caused by the negligent
operation of the motor vehicle whether the negligence consists of a*

Thus the issue in *Haberl*, as in the present case, was whether the potential liability of the governmental employee should be evaluated in light of the immunity language of MCL 691.1407; MSA 3.996(107) or of the owner's civil liability statute, MCL 257.401(1); MSA 9.2101(1).[8]

As one can gather from the material outlined above, the issue arises because of what might appear to be an anomaly: A person injured by a private citizen driving a privately owned vehicle generally can seek damages from the driver under an ordinary negligence standard,[9] and can cite the same standard when seeking damages from the owner under the owner's civil liability statute. And, while a person injured by a government employee driving a government-owned vehicle must show gross negligence to obtain damages from the driver,[10] the person can seek damages from the owner of the vehicle under the ordinary negligence standard.[11] However, a person injured by a government employee driving his own

---

*violation of a statute of this state or the ordinary care standard required by common law.* The owner is not liable unless the motor vehicle is being driven with his or her express or implied consent or knowledge. It is presumed that the motor vehicle is being driven with the knowledge and consent of the owner if it is driven at the time of the injury by his or her spouse, father, mother, brother, sister, son, daughter, or other immediate member of the family. [MCL 257.401(1); MSA 9.2101(1), as amended by 1995 PA 98 (emphasis supplied).]

At the time of the accident in the present case, the applicable language was found in MCL 257.401(1); MSA 9.2101(1), as amended by 1988 PA 125. For present purposes, the two versions differ only stylistically.

[8] As a preliminary matter, the *Haberl* majority held that the owner's civil liability statute applies even where the owner and the driver are the same person. 225 Mich App 260-261.

[9] Cf. MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.*

[10] MCL 691.1407(2); MSA 3.996(107)(2).

[11] MCL 691.1405; MSA 3.996(105).

privately owned vehicle cannot employ the ordinary
negligence standard against the driver or the owner,
since the driver/owner is the same person and (as a
government employee) is subject to the gross negli-
gence standard. Faced with this situation, the plain-
tiffs in *Haberl* and the present case argue that the
driver/owner ought to be able to invoke the higher
protection of the gross negligence standard only *as
driver* (the role in which he is a government
employee), not *as owner* of the private vehicle.[12]

Accepting that argument, the *Haberl* majority first
noted that the broad sweep of governmental immu-
nity is limited by MCL 691.1405; MSA 3.996(105),
which applies an ordinary negligence standard in situ-
ations in which harm is caused by the negligent oper-
ation of a government-owned motor vehicle. The
majority in *Haberl* said that "[t]his major exception to
governmental immunity is consistent with the policy
evident in the civil liability act, which imposes liabil-
ity on the owners of privately owned vehicles." 225
Mich App 259.

The majority then turned to the rules of statutory
construction, saying that the owner's civil liability
statute was the more specific measure. 225 Mich App
262. The majority observed that application of its pro-
visions would avoid the anomalous possibility that
ordinary negligence would be the standard for liabil-
ity in accidents involving all governmental and non-
governmental vehicles, except private vehicles driven
on government business. 225 Mich App 263-264.

---

[12] Since a private citizen driving his own vehicle is generally subject to
an ordinary negligence standard and is not exposed to additional liability
as owner of the vehicle, the issue whether the owner's civil liability stat-
ute applies to driver/owners rarely arises.

On those bases, the majority in *Haberl* vacated the circuit court's judgment in favor of the defendant and remanded the case for entry of a judgment on the jury's verdict of $260,000 in favor of the plaintiffs.

Dissenting in *Haberl*, Judge SAAD said that, "[t]hough the majority's reasoning has surface appeal, it cannot withstand closer scrutiny." 225 Mich App 268. He observed that the owner's civil liability statute has been part of Michigan law in some form since 1909, and he likewise outlined the nature and history of the statutory provisions regarding governmental immunity.

Explaining the context in which recent immunity reforms were enacted, Judge SAAD concluded that the Legislature knew exactly what it was doing, as it provided immunity for negligent acts of government employees driving their own vehicles in the course of employment. He said that "the Legislature made a policy choice with which we may disagree, but which we are not free to undo."[13] 225 Mich App 273.

III

As indicated, the present case was decided on the basis of *Haberl*. The Court of Appeals majority wrote:

> There is nothing in the facts of this case which would distinguish it from *Haberl*, and, accordingly, on the strength of its authority we reverse and remand this case for further proceedings. We do not retain jurisdiction.

---

[13] Judge SAAD also took the position that the owner's civil liability statute is inapplicable where the owner and the driver are the same person. 225 Mich App 268-270.

The majority did not explain how Fruitport Township or its fire department could be vicariously liable under the owner's civil liability statute.[14]

Dissenting in the present case, Judge MACKENZIE said that MCL 691.1407(2); MSA 3.996(107)(2) governs individual immunity for lower-level government employees (including volunteers), and that this immunity is limited only by the phrase, "[e]xcept as otherwise provided *in this section*" (emphasis supplied). Because the civil liability statute is outside the immunity section, she found the immunity provision to be controlling in this context. Implicit in Judge MACKENZIE's analysis is a determination that the immunity statute is the more specific measure.

As for the township and the fire department, Judge MACKENZIE said that the owner's civil liability statute does not give rise to vicarious liability. Pointing out that the exception for government-owned vehicles[15] does not apply in this case, she said that the potential liability of the municipal defendants was controlled by MCL 691.1407(1); MSA 3.996(107)(1).

Judge MACKENZIE concluded by pointing out the likely effect of a judicial decision to apply *Haberl* in this context:

> A large percentage of firefighters in this state are either volunteers or on part-time status. In order to get to the scene of a fire, these individuals must be on call and must use their own vehicles, equipped for emergency runs. By holding these firefighters to an ordinary negligence standard rather than the gross negligence standard when responding to an emergency call, and by making them individually liable, this Court is raising a significant disincentive

---

[14] *Haberl* was a suit against an individual government employee.

[15] MCL 691.1405; MSA 3.996(105).

to serve as a volunteer firefighter to the detriment of rural areas and small communities throughout the state.

IV

It is question of law whether a statute applies, and we examine questions of law de novo. *People v Coutu*, 459 Mich 348, 353; 589 NW2d 458 (1999); *Bolt v City of Lansing*, 459 Mich 152, 158; 587 NW2d 264 (1998); *Morley v Automobile Club of Michigan*, 458 Mich 459, 465; 581 NW2d 237 (1998).

We agree with the dissenting opinion of Judge SAAD in *Haberl*[16] and with the above-noted portions of the dissenting opinion written by Judge MACKENZIE in the present case.

The immunity statute is certainly the more specific measure in this instance. It deals directly with the potential liability of government employees and volunteers who are (or reasonably believe themselves to be) acting within the scope of their authority, on behalf of a governmental agency that is engaged in a governmental function. By contrast the owner's civil liability statute is a broad measure widely applicable to owners of vehicles.

As Judge SAAD explained, the Legislature has formulated a clear statutory framework for determining the extent of governmental immunity in a case arising from a motor vehicle accident. These provisions outline the immunity of government agencies[17] and of individuals,[18] as well as the extent of liability for harm

---

[16] As it is unnecessary to our decision in this case, however, we do not decide the applicability of the owner's civil liability statute in a situation in which the owner and the driver are the same person.

[17] MCL 691.1407(1); MSA 3.996(107)(1).

[18] MCL 691.1407(2); MSA 3.996(107)(2).

caused by negligent operation of government-owned vehicles[19] or failure to maintain the roadway.[20] It is not for the courts to add or subtract from the balance struck by citizens of this state, as expressed by their elected representatives in the Legislature.[21]

In this case, the circuit court correctly determined that Mr. Wildfong was immune unless his conduct was grossly negligent. The jury having found no gross negligence on his part, we reinstate the judgment of the circuit court in his favor. There likewise being no statutory basis for imposing liability on the township or its fire department, we also reinstate the judgment of the circuit court in favor of the municipal defendants. The judgment of the Court of Appeals is accordingly reversed.[22] MCR 7.302(F)(1).

WEAVER, C.J., and BRICKLEY, CAVANAGH, TAYLOR, CORRIGAN, and YOUNG, JJ., concurred.

---

[19] MCL 691.1405; MSA 3.996(105).

[20] MCL 691.1402-691.1404; MSA 3.996(102)-3.996(104).

[21] The dissent would apply the civil liability statute, MCL 257.401(1); MSA 9.2101(1), because it believes our conclusion frustrates the Legislature's intent to hold automobile owners, whether private citizens or governmental employees, liable for the ordinary negligence of drivers. The dissent, however, ignores the plain language of the more specific statute under these facts, i.e., the governmental immunity statute, MCL 691.1407(2); MSA 3.996(107)(2). The Legislature specifically provided for the liability of governmental agencies that own motor vehicles. MCL 691.1405; MSA 3.996(105). The Legislature has not, however, enacted a similar provision holding governmental employees liable as owners. The dissent essentially attempts to enact such a provision.

The plain language of the governmental immunity statute makes clear that, while governmental agencies are liable as owners for ordinary negligence, governmental employees are not liable for ordinary negligence in the operation of their own vehicles. The statutory language provides no basis for the dissent's assertion that the Legislature intended to impose liability in the present circumstances.

[22] In light of our decision, it is unnecessary to discuss the other issues raised by the defendants.

KELLY, J. (*dissenting*). I disagree with the majority's conclusion that defendant Wildfong is not liable as an owner under the owner liability statute. MCL 257.401(1); MSA 9.2101(1).

It has been suggested that the statute cannot logically apply to a situation in which the owner of the vehicle is also the driver of the vehicle. I agree with the Court of Appeals majority in *Haberl v Rose*,[1] that the plain language of the statute clearly indicates otherwise. As the *Haberl* panel noted:

> Although the owner liability statute may have been enacted to create liability for a non-driving owner and prior cases have apparently assumed that limited application, there is no language in the statute warranting this conclusion.[2] Indeed, the beginning of the statute explicitly preserves the common-law liability available against the owner.

[2] The dissent assumes for purposes of analysis that the civil liability statute applies where the owner and the driver are the same person, a conclusion we find compelled by the plain language of the statute. See also *Trommater* [*v Michigan*, 112 Mich App 459; 316 NW2d 459 (1982)]. However, in dicta and in factual situations different from this one, other writers have assumed that the legislative intent underlying the statute was to impose liability on owners for negligent operation by permissive third-party users only, essentially a negligent entrustment theory. *Moore v Palmer*, 350 Mich 363; 86 NW2d 585 (1957); *Stapleton v Independent Brewing Co*, 198 Mich 170; 164 NW 520 (1917); [*North v*] *Kolomyjec* [199 Mich App 724, 725-726; 502 NW2d 765 (1993)]. Although the legislative intent behind the enactment of this statute may have been to create liability where none previously existed for a nondriving owner of a vehicle, the statutory language is not so limiting. It applies by its own terms to create owner liability for "*any injury* occasioned by the negligent operation of the motor vehicle . . . ." MCL 257.401(1); MSA 9.2101(1) (emphasis added).

Hence, we conclude that the owner liability statute applies here even though the owner of the automobile was also the negligent driver. MCL 257.401(1); MSA 9.2101(1); see also *Berry v Kipf*, 160 Mich App 326, 328-329; 407

[1] 225 Mich App 254; 570 NW2d 664 (1997).

NW2d 648 (1987). Under common law, of course, an owner of a motor vehicle does not escape liability simply because the owner was driving. Also, our Supreme Court has held that the statute extended and complemented the common law with regard to liability. *Frazier v Rumisek*, 358 Mich 455, 457; 100 NW2d 442 (1960). It would be an anomalous result indeed if this statute, created to expand a plaintiff's right of recovery, was employed instead as a bar to that recovery. This analysis compels the conclusion that the statute applies to the fact pattern presented in this case. [*Haberl, supra* at 260-261.]

Contrary to the majority's view, the Legislature has not formulated a clear statutory framework for determining the extent of governmental immunity in a case arising from a motor vehicle accident. When enacting new legislation, the Legislature surely attempts a smooth integration of new law with the existing statutory framework. However, it cannot foresee every permutation in the interplay between separately enacted provisions.

I agree with the Court of Appeals majority in *Haberl*: A denial of liability under the circumstances of this case occasions an anomalous result that frustrates the Legislature's intent to provide redress for automobile negligence.

A hypothetical example illustrates this point. Assume, under the majority's reading of the statutory framework, that Mr. Wildfong (or Ms. Haberl) had been driving a vehicle owned by another government employee, rather than his own, when the accident occurred. The private owner of that vehicle would be responsible for the driver's mere negligence under the owner liability statute. However, Mr. Wildfong is not responsible for the same negligence when driving his own vehicle. I see no rational basis for the distinction. Moreover, I decline to draw the distinction

absent a more clear expression by the Legislature that such was its intention.

Instead, I agree with the Court of Appeals majority in *Haberl* and in this case that a finding of liability achieves the intent and purpose of the owner liability statute.

I disagree with the majority's assertion that the governmental immunity statute[2] is a more specific act than the owner liability statute. The governmental immunity statute applies to all types of negligent behavior. The owner liability statute specifically refers to negligent operation of a motor vehicle.

I would rule, also, that a finding of liability is in tune with the purpose of the governmental immunity statute, providing for governmental liability in negligence cases involving state-owned vehicles. See *Haberl, supra* at 262. The majority's decision frustrates the Legislature's clear intent to hold automobile owners, both private actors and government agencies, liable for the negligence of the drivers of their owned vehicles. Moreover, in the interest of avoiding liability, it will discourage government agencies from providing motor vehicles to their employees for government work.

Perhaps the Legislature should create immunity for a government employee driving his automobile in the course of government business. But it has not done so. I decline to act in its stead. Rather, I would hold that defendant Wildfong is liable for his negligence under the owner liability statute.

---

[2]  MCL 691.1407;  MSA 3.996(107).