*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

SANTWAN REESE,

        Plaintiff-Appellee,

v

JALEN CHRISTOPHER JAMES, HOUSEHOLD
OF FAITH CHURCH, HOUSEHOLD OF FAITH,
INC., and PROGRESSIVE MARATHON
INSURANCE COMPANY,

        Defendants,

and

THE HOUSEHOLD OF FAITH WHICH IS THE
CHURCH OF THE LIVING GOD THE PILLAR
AND GROUND OF THE TRUTH, INC., also
known as, THE HOUSEHOLD OF FAITH WHICH
IS THE CHURCH OF THE LIVING GOD THE
PILLAR AND GROUND OF THE TRUTH,

        Defendant-Appellant.

FOR PUBLICATION
September 28, 2023
9:10 a.m.

No. 362140
Wayne Circuit Court
LC No. 20-006573-NI

SANTWAN REESE,

        Plaintiff-Appellee,

v

JALEN CHRISTOPHER JAMES, PROGRESSIVE
MARATHON INSURANCE COMPANY, and THE
HOUSEHOLD OF FAITH WHICH IS THE
CHURCH OF THE LIVING GOD THE PILLAR
AND GROUND OF THE TRUTH, INC., also
known as, THE HOUSEHOLD OF FAITH WHICH

No. 362151
Wayne Circuit Court
LC No. 20-006573-NI

-1-

IS THE CHURCH OF THE LIVING GOD THE
PILLAR AND GROUND OF THE TRUTH,

        Defendants,

and

HOUSEHOLD OF FAITH CHURCH and
HOUSEHOLD OF FAITH, INC.,

        Defendants-Appellants.

---

Before: SHAPIRO, P.J., and M. J. KELLY and CAMERON, JJ.

CAMERON, J.

In these consolidated,[1] interlocutory appeals, defendants-appellants, The Household of Faith Which is the Church of the Living God the Pillar and Ground of the Truth, Inc., and The Household of Faith Which is the Church of the Living God the Pillar and Ground of the Truth (collectively, "HFC-MS"), and defendants-appellants, Household of Faith Church, and Household of Faith, Inc. (collectively, "HFC-Detroit"), appeal by leave granted the trial court's order denying their respective motions for summary disposition under MCR 2.116(C)(8) and (C)(10). Plaintiff-appellee, Santwan Reese filed a complaint alleging, among other things, ownership liability under MCL 257.401(1) against these defendants. Because ownership liability does not arise in the context of a driver's intentional torts, we reverse the trial court's orders denying summary disposition and remand for entry of an order consistent with this opinion.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

This case arises from a September 22, 2019 altercation involving Reese and defendant, Jalen James. On that day, James drove his grandmother and other parishioners in a van to their church, HFC-Detroit. James's grandmother was the pastor at HFC-Detroit. HFC-MS is located in Mississippi and it is HFC-Detroit's sister church. The van purportedly belonged to HFC-MS and HFC-Detroit had borrowed the van from HFC-MS.[2]

James was supposed to return to HFC-Detroit later in the day to pick up the group of parishioners. Instead, he went to a neighbor's front porch and drank alcohol. James got into an argument with another person, and Reese intervened. Reese eventually left, walking up the street to James's house. At the same time, James jumped into the van driving toward Reese. Reese was

---

[1] *Reese v James*, unpublished order of the Court of Appeals, entered December 13, 2022 (Docket No. 362140).

[2] During oral argument, the parties indicated that ownership of the van is disputed. For our purposes, we need not determine which party owned the van.

standing near James's house when James revved the van's engine and ran Reese over. Reese was seriously injured and James was later charged and convicted for the attack.

Reese filed a seven-count complaint against defendants. Relevant to these appeals, Count I alleged "negligence, gross negligence, willful and wanton misconduct" against James. Counts II and III alleged owner liability under MCL 257.401 against HFC-Detroit and HFC-MS, respectively. The owner liability counts, which were virtually identical except for the named defendant, contended HFC-Detroit and HFC-MS were liable for Reese's injuries "negligently caused by Defendant, Jalen James . . . ."

HFC-MS and HFC-Detroit each moved for summary disposition of the owner liability allegations under MCR 2.116(C)(8) and (10). According to HFC-MS and HFC-Detroit, the basis of Reese's complaint was James's *intentional* act of running Reese over with the van. Evidence of James's intentional act was his admission he intended to scare Reese, his guilty plea, and subsequent incarceration for attempted assault with intent to cause great bodily harm (AWIGBH), MCL 750.84(1)(a). Because the owner liability statute requires a *negligent* act, HFC-MS and HFC-Detroit could not be held liable and were therefore entitled to partial summary disposition of the owner liability allegations.

The trial court denied defendants' motions for summary disposition finding a factual dispute remained because "the only person who can testify with respect to Defendant James' *subjective* intent in the moment of the accident is Defendant James himself. Defendant James' testimony clearly and repeatedly states that he did not intend to hit or injure [Reese]." Thus, it was unclear whether James's act of running over Reese with the van was an intentional or negligent act. These interlocutory appeals followed.

## II. OWNER LIABILITY

HFC-MS and HFC-Detroit argue the trial court erred as to the issue of owner liability under MCL 257.401(1). They contend that the evidence clearly established James committed an intentional tort, rather than a negligent act. Therefore, HFC-MS and HFC-Detroit could not be liable under MCL 257.401(1) because that statute requires a negligent act. We agree.

## A. STANDARD OF REVIEW

HFC-MS and HFC-Detroit moved for summary disposition under MCR 2.116(C)(8) and (10). But the trial court resolved the motions under subsection (C)(10) only. This Court reviews de novo motions for summary disposition. *Innovation Ventures v Liquid Mfg*, 499 Mich 491, 506; 885 NW2d 861 (2016).

> A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion. Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law. [*Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999) (citations omitted).]

Under the burden-shifting framework of this court rule, "the moving party has the initial burden of supporting its position by affidavits, depositions, admissions, or other documentary evidence. The burden then shifts to the opposing party to establish that a genuine issue of disputed fact exists." *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). The nonmoving party "must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists." *Id*.

This case also involves an issue of statutory interpretation, which this Court reviews de novo. *Eggleston v Bio-Med Applications of Detroit, Inc*, 468 Mich 29, 32; 658 NW2d 139 (2003).

> The paramount rule of statutory interpretation is that we are to effect the intent of the Legislature. To do so, we begin with the statute's language. If the statute's language is clear and unambiguous, we assume that the Legislature intended its plain meaning, and we enforce the statute as written. In reviewing the statute's language, every word should be given meaning, and we should avoid a construction that would render any part of the statute surplusage or nugatory. [*PNC Nat'l Bank Ass'n v Dep't of Treasury*, 285 Mich App 504, 506; 778 NW2d 282 (2009) (citation omitted).]

## B. LAW AND ANALYSIS

Reese's complaint alleged owner liability against HFC-MS and HFC-Detroit under MCL 257.401(1), which provides, in part:

> The owner of a motor vehicle is liable for an injury caused by the negligent operation of the motor vehicle whether the negligence consists of a violation of a statute of this state or the ordinary care standard required by common law. The owner is not liable unless the motor vehicle is being driven with his or her express or implied consent or knowledge.

At issue here is whether these defendants may be liable for James's purported "negligent operation of the motor vehicle." MCL 257.401(1).[3]

In the published, but not binding decision,[4] *Berry v Kipf*, 160 Mich App 326; 407 NW2d 648 (1987), this Court interpreted a former version of the statute, which stated, in part:

> The owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation of such motor vehicle whether such negligence consists of a violation of the provisions of the statutes of the state or in the failure to observe such ordinary care in such operation as the rules of the common law requires [sic].

---

[3] The parties do not contest whether James drove the van with the owner's express or implied consent.

[4] This Court issued *Berry* in 1987. Cases decided before November 1, 1990, are not binding on this Court, but they may be considered for their persuasive value. MCR 7.215(J)(1); see also *Auto-Owners Ins Co v Martin*, 284 Mich App 427, 444 n 4; 773 NW2d 29 (2009).

-4-

The owner shall not be liable, however, unless said motor vehicle is being driven with his or her express or implied consent or knowledge. [MCL 257.401(1), as amended by 1988 PA 125.]

The *Berry* Court held that an owner could not be liable under this statute where the only allegation is that the alleged tortfeasor committed an intentional tort. *Berry*, 160 Mich App at 329.

Since *Berry*, this Court has not issued any published decision whether MCL 257.401(1) requires a negligent act. The relevant language in the present version of MCL 257.401(1) states: "The owner of a motor vehicle is liable for an injury caused by the negligent operation of the motor vehicle." In the former version, the statute provided: "The owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation of such motor vehicle." Former MCL 257.401(1). Although the present version omits the phrase "shall be liable," and replaces it with "is liable," this is a distinction without a difference. Under each version, an owner is unequivocally liable for a driver's negligence. Importantly, the Legislature retained the phrase "negligent operation of a motor vehicle" when it amended the statute. Therefore, the statute still requires a negligent act, and an owner cannot be liable under the statute where the only allegation is that the alleged tortfeasor committed an intentional tort.

That said, this Court in *Hashem v Les Stanford Oldsmobile, Inc*, 266 Mich App 61, 87-88; 697 NW2d 558 (2005), considered the types of negligence which could give rise to owner liability under MCL 257.401(1). In that case, the defendant argued that the trial court erred when it failed to limit the jury instruction on owner liability to ordinary negligence. *Id*. at 87. On appeal, this Court considered whether a defendant-owner could also be liable under MCL 257.401(1) for a driver's gross negligence or willful and wanton misconduct. *Id*. This Court determined the trial court did not err in refusing to limit the instruction to ordinary negligence because, under the statute, liability could also arise in the context of gross negligence or willful and wanton misconduct. *Id*. at 88. We contrasted this holding with *Berry*'s determination that owner liability does not arise for intentional torts committed by the driver. *Id*., citing *Berry*, 160 Mich App at 329-330.

Looking at *Berry* and *Hashem* together, we note that we are bound[5] by *Hashem*'s holding that liability arises under MCL 257.401(1) where the tortfeasor commits ordinary negligence, gross negligence, or willful and wanton misconduct. But, as in *Berry*, we hold that liability is not impugned to an owner for a tortfeasor's intentional tort.

We next turn to the substance of HFC-MS's and HFC-Detroit's motions for partial summary disposition. Specifically, we address their claim that there was no genuine dispute of material fact that James committed an intentional tort when he ran over Reese with the van. According to HFC-MS and HFC-Detroit, there was no genuine question of fact that James

---

[5] "A published opinion of the Court of Appeals has precedential effect under the rule of stare decisis." MCR 7.215(C)(2); see also *Dana Corp v Dep't of Treasury*, 267 Mich App 690, 698; 706 NW2d 204 (2005).

assaulted Reese. They argue partial summary disposition was warranted because assault is an intentional tort.

For purposes of civil liability, assault "is defined as any intentional unlawful offer of corporal injury to another person by force, or force unlawfully directed toward the person of another, under circumstances which create a well-founded apprehension of imminent contact, coupled with the apparent present ability to accomplish the contact." *Espinoza v Thomas*, 189 Mich App 110, 119; 472 NW2d 16 (1991). HFC-Detroit and HFC-MS both provided sufficient evidence in support of their assertion that James committed an assault. Thus, the burden shifted to Reese to establish a genuine question of fact as to this issue. *Quinto*, 451 Mich at 362.

In response to the motions for summary disposition, Reese agreed James ran him over with the van. Reese cited evidence in which James admitted he only intended to scare Reese by revving the van's engine, but did not intend to harm Reese. Reese claimed that he was injured after the van "unexpectedly jolted forwarded [sic], causing James to lose control of the vehicle." When analyzing a (C)(10) motion for summary disposition, the facts must be viewed in a light most favorable to the nonmoving party. *Maiden*, 461 Mich at 119-120. Viewing the facts through this lens, Reese's statements in response to the motions for summary disposition establish that James's actions amounted to an assault, not a negligent act.

Reese's description of the incident further supports our conclusion. During his deposition testimony Reese testified:

> Now I'm stuck under this van and I'm looking like, wow I don't believe [James] did me like this, and I'm stuck. I can't get from under the van but I got my head out the side, I can see brake lights come on and the young man was putting the van in reverse. So as he was trying to put the van in reverse I came out from under the van and he backed into a tree. When he seen me stood up, he threw it back in drive again and came towards me another time and hit the porch and the van stalled out. Now you tell me he wasn't trying to kill me.

On appeal, Reese portrays James's conduct as mere negligence, gross negligence, or willful and wanton misconduct. But, Reese's testimony describes *two* attempts by James to run him over with the van. Not only that, but during his criminal proceedings James admitted that while operating the car he attempted to assault Reese with the intent to do great bodily harm. MCL 750.84(a). The elements of this crime are: "(1) an attempt or threat with force or violence to do corporal harm to another (an assault), and (2) an intent to do great bodily harm less than murder." *People v Brown*, 267 Mich App 141, 147; 703 NW2d 230 (2005) (quotation marks, emphasis, and citation omitted). Given the testimonies of both Reese and James, there is no genuine issue of fact that James's conduct was anything but intentional.

The trial court denied the partial motions for summary disposition, stating:

> [T]he only person who can testify with respect to Defendant James' *subjective* intent in the moment of the accident is Defendant James himself. Defendant James' testimony clearly and repeatedly states that he did not intend to hit or injure Plaintiff. Thus, this Court finds that a factual dispute remains as to Defendant

James' subjective intent in the moment of the accident. Such a factual dispute must be submitted to the jury as the trier of fact who must then ascertain each witness' veracity.

Regardless of the trial court's rationale for disregarding such evidence, there remains the undisputed fact that James *admitted* that he attempted to harm Reese with the van. Although Reese's complaint alleged negligence, gross negligence, or willful and wanton misconduct, the trial court was not beholden to the labels Reese attached to the complaint. See *Kuznar v Raksha Corp*, 272 Mich App 130, 134; 724 NW2d 493 (2006) (quotation marks and citation omitted) ("It is well established that the gravamen of an action is determined by reading the claim as a whole."). The trial court should have looked beyond those labels and understood that Reese's pleadings established that James's actions were, in essence, an assault. Partial summary disposition under subsection (C)(10) should have been granted because the evidence presented established James committed an intentional tort against Reese, and the trial court erred when it concluded otherwise.

Reversed and remanded for entry of an order consistent with this opinion. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Michael J. Kelly